ORAL ARGUMENT NOT YET SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| AMERICAN WATER WORKS ASSOCIATION and ASSOCIATION OF METROPOLITAN WATER AGENCIES,<br><br>       *Petitioners*,<br><br>*v.*<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, and MICHAEL S. REGAN, in his official capacity as Administrator, United States Environmental Protection Agency,<br><br>       *Respondents*. | No. 24-1188 (consolidated with Nos. 24-1191, 24-1192) |

## NONBINDING STATEMENT OF ISSUES

Pursuant to this Court's June 7, 2024 order, Petitioners American Water Works Association and Association of Metropolitan Water Agencies ("Associations") hereby submit this Nonbinding Statement of Issues with respect to their Petition for Review of the U.S. Environmental Protection Agency's ("EPA") final rule entitled "PFAS National Primary Drinking Water Regulation," 89 Fed. Reg. 32,532 (April 26, 2024) ("Final Rule"). The Final Rule finalizes national

1

primary drinking water regulations for six per- and polyfluoroalkyl substances ("PFAS"): perfluorooctanoic acid ("PFOA"), perfluorooctane sulfonic acid ("PFOS"), perfluorohexane sulfonic acid ("PFHxS"), perfluorononanoic acid ("PFNA"), hexafluoropropylene oxide dimer acid ("HFPO-DA"), and perfluorobutane sulfonic acid ("PFBS").

The following issues are stated without prejudice to the Associations' right to raise additional issues to explain how EPA acted arbitrarily and capriciously, not in accordance with law, or in excess of its statutory jurisdiction, authority, or limitations in promulgating the Final Rule:

1. Whether EPA violated the Safe Drinking Water Act, *see* 42 U.S.C. § 300g-1, or acted arbitrarily and capriciously or in a manner otherwise not in accordance with law, by proposing preliminary determinations to regulate PFHxS, PFNA, HFPO-DA, and PFBS concurrently with proposed maximum contaminant level goals and national primary drinking water regulations for such contaminants, and issuing final determinations to regulate PFHxS, PFNA, HFPO-DA, and PFBS concurrently with final maximum contaminant level goals and national primary drinking water regulations for such contaminants—individually and/or as part of a novel and unitless "hazard index."

2. Whether EPA violated the Safe Drinking Water Act, or acted arbitrarily and capriciously or in a manner otherwise not in accordance with law, by issuing a

2

maximum contaminant level goal and national primary drinking water regulation for mixtures containing two or more of PFHxS, PFNA, HFPO-DA, and PFBS in the form of a novel and unitless "hazard index" when:

    a.    The hazard index is neither a maximum contaminant level nor a treatment technique, the two forms of national primary drinking water regulation authorized by the Safe Drinking Water Act;

    b.    The Safe Drinking Water Act does not permit the establishment of maximum contaminant level goals and national primary drinking water regulations for mixtures of individual contaminants, particularly based on the data available for these substances; and

    c.    EPA failed to consider the best available science, *see* 42 U.S.C. § 300g-1(b)(3)(A), and otherwise failed to provide a rational connection between the facts found and the choices made, by deciding to use the hazard index, a health screening tool, as a form of national primary drinking water standard.

3.    Whether EPA violated the Safe Drinking Water Act, or acted arbitrarily and capriciously or in a manner otherwise not in accordance with law, by issuing determinations to regulate PFNA, HFPO-DA, and PFBS as individual contaminants and as a mixture of PFHxS, PFNA, HFPO-DA, and PFBS when these substances are

3

neither known to occur nor have a substantial likelihood that they will occur in public water systems with a frequency and at levels of public health concern. *See* 42 U.S.C. § 300g-1(b)(1)(A)(ii).

4. Whether EPA violated the Safe Drinking Water Act, or acted arbitrarily and capriciously or in a manner otherwise not in accordance with law, by promulgating individual maximum contaminant levels of 10 parts per trillion for PFHxS, PFNA, and HFPO–DA without providing adequate public notice and when those levels are neither "feasible," especially when taking public water systems' costs of compliance into consideration, *see* 42 U.S.C. § 300g-1(b)(4), (b)(3)(C)(i)(III), nor reflective of the best available science or nationally representative occurrence data.

5. Whether EPA violated the Safe Drinking Water Act, or acted arbitrarily and capriciously or in a manner otherwise not in accordance with law, by issuing maximum contaminant levels of 4 parts per trillion for PFOA and PFOS when those levels are neither "feasible," especially when taking public water systems' costs of compliance into consideration, *see* 42 U.S.C. § 300g-1(b)(4), (b)(3)(C)(i)(III), nor reflective of the best available science or nationally representative occurrence data.

6. Whether EPA violated the Safe Drinking Water Act, or acted arbitrarily and capriciously or in a manner otherwise not in accordance with law, by failing to adequately analyze public water systems' costs of compliance with the Final Rule,

or properly assess the benefits as required by the Safe Drinking Water Act. *See* 42 U.S.C. § 300g-1(b)(3)(C).

7. Whether EPA violated the Safe Drinking Water Act, or acted arbitrarily and capriciously or in a manner otherwise not in accordance with law, by failing to take due account of nationally representative occurrence and co-occurrence data of the six PFAS substances in drinking water that were available to EPA prior to its promulgation of the Final Rule and issuance of the underlying economic analysis, such as national data that had already been gathered from EPA's ongoing Fifth Unregulated Contaminant Monitoring Rule.

| | |
|---|---|
| Dated: July 8, 2024 | Respectfully submitted, |
| | */s/ Corinne V. Snow* |
| | Ronald J. Tenpas<br>Corinne V. Snow<br>Nathan Campbell<br>VINSON & ELKINS LLP<br>2200 Pennsylvania Avenue NW<br>Suite 500 West<br>Washington, DC 20037<br>Phone: (202) 639-6622<br>Fax: (202) 639-6604<br>Email: rtenpas@velaw.com<br>Email: csnow@velaw.com<br>Email: ncampbell@velaw.com |
| | *Counsel for Petitioners American Water Works Association and Association of Metropolitan Water Agencies* |

**CERTIFICATE OF SERVICE**

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure, I hereby certify that on July 8, 2024, I electronically filed the foregoing Nonbinding Statement of Issues with the Clerk of the Court for the U.S. Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system, and served copies of the foregoing via the Court's CM/ECF system on all ECF-registered counsel.

Dated: July 8, 2024			Respectfully submitted,

			*/s/ Corinne V. Snow*
			Corinne V. Snow

			*Counsel for Petitioners American Water Works Association and Association of Metropolitan Water Agencies*