# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

| | |
|---|---|
| **No. 24-1188** | **September Term, 2024** |
| | EPA-89FR32532 |
| | Filed On: September 3, 2024 |

American Water Works Association and
Association of Metropolitan Water Agencies,

     Petitioners

     v.

Environmental Protection Agency and
Michael S. Regan, in his official capacity as
Administrator, United States Environmental
Protection Agency,

     Respondents

------------------------------

Concerned Citizens of WMEL Water
Authority Grassroots, et al.,
     Intervenors
------------------------------

Consolidated with 24-1191, 24-1192

     **BEFORE:**   Wilkins, Rao, and Walker, Circuit Judges

### O R D E R

     Upon consideration of the joint motion to establish briefing format and schedule, it is

     **ORDERED** that the following briefing format and schedule will apply in these consolidated cases:

| | |
|---|---|
| Opening Brief for Petitioners in No. 24-1188 (not to exceed 13,000 words) | October 7, 2024 |
| Opening Brief for Petitioners in Nos. 24-1191 & 24-1192 (not to exceed 13,000 words) | October 7, 2024 |

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 24-1188**                  **September Term, 2024**

| | |
|---|---|
| Respondents' Brief<br>(not to exceed 26,000 words) | December 23, 2024 |
| Brief of Respondent-Intervenors<br>(not to exceed 9,100 words) | January 17, 2025 |
| Reply Brief for Petitioners in No. 24-1188<br>(not to exceed 6,500 words) | February 25, 2025 |
| Reply Brief for Petitioners in Nos. 24-1191 & 24-1192<br>(not to exceed 6,500 words) | February 25, 2025 |
| Deferred Appendix | March 11, 2025 |
| Final Briefs | March 25, 2025 |

The parties will be informed later of the date of oral argument and the composition of the merits panel.

The parties are advised that the court "looks with extreme disfavor on the filing of duplicative briefs in consolidated cases," see <u>D.C. Circuit Handbook of Practice and Internal Procedures</u> 38 (2021), and the parties are encouraged to collaborate to avoid duplication of arguments in their briefs.

The court reminds the parties that

> In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . .  When the appellant's or petitioner's standing is not apparent from the administrative record, the brief must include arguments and evidence establishing the claim of standing.

<u>See</u> D.C. Cir. Rule 28(a)(7).

Petitioners should raise all issues and arguments in the opening brief.  The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms.  While acronyms may be used for entities and

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 24-1188**  **September Term, 2024**

statutes with widely recognized initials, briefs should not contain acronyms that are not widely known.  See D.C. Circuit Handbook of Practice and Internal Procedures 43 (2021); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due.  Filing by mail may delay the processing of the brief.  Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail.  See Fed. R. App. P. 25(a).  All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover.  See D.C. Cir. Rule 28(a)(8).

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Selena R. Gancasz
Deputy Clerk