**NOT SCHEDULED FOR ORAL ARGUMENT**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE D.C. CIRCUIT**

| | |
|---|---|
| AMERICAN WATER WORKS ASSOCIATION, et al., <br><br> *Petitioners*, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY and LEE M. ZELDIN, Administrator of the U.S. Environmental Protection Agency, <br><br> *Respondents*. | Case No. 24-1188 |

**UNOPPOSED MOTION TO HOLD CASE IN ABEYANCE**

Respondents United States Environmental Protection Agency and Administrator Lee M. Zeldin[1] ("EPA") respectfully move the Court to hold this matter in abeyance for 60 days to allow new Agency leadership to review the underlying rule. Petitioners consent to this motion and Intervenors do not oppose it.

    1.    Petitioners seek review of an EPA action entitled, "PFAS National Primary Drinking Water Regulation," 89 Fed. Reg. 32532 (April 26, 2024).

---

[1] Administrator Zeldin is substituted for former Administrator Michael S. Regan pursuant to Federal Rule of Appellate Procedure 43(c)(2).

2.     Petitioners filed their opening briefs on October 7, 2024; Amici on behalf of Petitioners filed their brief on October 29, 2024; Respondents filed their brief on December 23, 2024; Respondent-Intervenors filed their brief on January 17, 2025; and Amici on behalf of Respondents filed their briefs on January 17, 2025.  The next deadline in this matter, Petitioners' reply briefs, is currently set for February 25, 2025.  Oral argument has not yet been scheduled.

3.     As the Court is aware, a new administration took office on January 20, 2025.  There is now new leadership at EPA.  That new leadership is in the process of familiarizing itself with the issues presented in this case and related litigation.  To complete that process in an orderly and deliberate fashion while preserving both this Court's and the parties' resources, EPA requests that the court abate proceedings in this matter for 60 days.

4.     This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936); *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

5.     Abeyance is warranted here because courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See,*

2

*e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given able latitude to adapt their rules and policies to . . . changing circumstances."); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations" (internal quotation marks omitted)).

6. Courts routinely grant stays or abeyance in circumstances like those presented here where a new administration seeks to review prior actions. *See, e.g.*, Order (Doc. Nos. 1673071, 1668274), *West Virginia v. EPA*, No. 15-1363 (D.C. Cir. Apr. 28, 2017) (abating challenges to Clean Power Plan rule following change of administration); *Am. Fuel & Petrochem. v. EPA*, No. 19-1124 (D.C. Cir. Feb. 5, 2021) (rescheduling oral argument at EPA's request to accommodate change of administration).

7. Abeyance would also preserve resources of the parties and the Court. It is possible that after its review, EPA could take further action that may obviate the need for judicial resolution of some or all of the disputed issues. Good cause

3

thus exists for the requested abeyance. *See Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71–71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

8. No party would be prejudiced by the requested abeyance, and none oppose this motion. Oral argument has not yet been scheduled in this matter and the next briefing deadline is currently set over two weeks away. Order (Doc. No. 2072754).

9. For these reasons, the Court should place this matter in abeyance for 60 days, with motions to govern due at the end of that period.

    Respectfully submitted,

    LISA LYNNE RUSSELL
      *Deputy Assistant Attorney General*

*Of Counsel:*
HEIDI NALVEN
  U.S. Environmental Protection Agency
  *Office of General Counsel*

/s/ Kimere J. Kimball
KIMERE J. KIMBALL
ANDREW D. KNUDSEN
  U.S. Department of Justice
  Env't & Natural Resources Div.
  P.O. Box 7611
  Washington, DC 20044

4

|  |  |
|---|---|
| February 7, 2025 | (202) 514-2285 (Kimball)<br>(202) 353-7466 (Knudsen)<br>Kimere.Kimball@usdoj.gov<br>Andrew.Knudsen@usdoj.gov |

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 711 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Finally, I certify that on February 7, 2025, I electronically filed this document with the Court's CM/ECF system, which will serve each party's counsel of record.

_/s/ Kimere J. Kimball_____
KIMERE J. KIMBALL