ORAL ARGUMENT NOT YET SCHEDULED

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| AMERICAN WATER WORKS ASSOCIATION and ASSOCIATION OF METROPOLITAN WATER AGENCIES,<br><br>*Petitioners*,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, and MICHAEL S. REGAN, in his official capacity as Administrator, United States Environmental Protection Agency,<br><br>*Respondents*. | No. 24-1188<br><br>consolidated with<br>Nos. 24-1191, 24-1192 |

**RESPONDENT-INTERVENORS' OPPOSITION TO TOXICOLOGY EXCELLENCE FOR RISK ASSESSMENT AND INTERNATIONAL SOCIETY FOR REGULATORY TOXICOLOGY AND PHARMACOLOGY'S MOTION FOR LEAVE TO FILE UNTIMELY AMICI CURIAE BRIEF SUPPORTING PETITIONERS**

Respondent-Intervenors oppose the motion of proposed amici curiae Toxicology Excellence for Risk Assessment ("TERA") and the International Society for Regulatory Toxicology and Pharmacology ("ISRTP") (together, "Proposed Amici") for leave to file an untimely amicus brief in support of Petitioners. Proposed Amici's brief was due on October 14, 2024; their motion is

1

six months late and there is no good cause that could justify their untimely filing—indeed, Proposed Amici do not even acknowledge that their motion is late, let alone justify their delay. In the interim, Respondent-Intervenors filed their proof brief on January 17, 2025. Allowing an untimely amicus brief in support of Petitioners would unfairly prejudice Respondent-Intervenors by denying them a chance to respond to Proposed Amici's arguments. In addition, this case is currently in abeyance until May 12, 2025, so filing any brief at this time serves no purpose. Moreover, many aspects of Proposed Amici's brief are not relevant to the disposition of this case. The Court should deny Proposed Amici's motion.

## BACKGROUND

This case involves consolidated challenges to the U.S. Environmental Protection Agency's rule titled "PFAS National Primary Drinking Water Regulation," 89 Fed. Reg. 32,532 (Apr. 26, 2024) ("PFAS Drinking Water Rule" or the "Rule"). The Rule set enforceable limits for six PFAS chemicals in drinking water.

Petitions for Review were timely filed on June 7 and June 10, 2024. *See* ECF Nos. 2058535, 2058848, 2059361. The Court's September 3, 2024, scheduling order set deadlines for Petitioners' briefs on October 7, 2024, Respondent's brief on December 23, 2024, and Respondent-Intervenors' brief on January 17, 2025. ECF No. 2072754. Under the Federal Rules of Appellate

Procedure and this Court's rules, amicus briefs supporting Petitioners were due on October 14, 2024, seven days after the deadline for Petitioners' briefs. Fed. R. App. P. 29(a)(6); D.C. Cir. R. 29(c).

As scheduled, Petitioners filed their opening briefs in October 2024, ECF Nos. 2078731, 2078734. Respondent EPA filed its brief in December 2024, ECF No. 2091318, and Respondent-Intervenors filed their brief in January 2025, ECF No. 2094834. The Court also accepted one amicus brief supporting Petitioners in October, ECF No. 2082644, and three amicus briefs supporting Respondents in January, ECF Nos. 2087080, 2087891, 2099657, all of which were timely filed.

On February 7, 2025, prior to the deadline for Petitioners' reply briefs, the Court granted Respondent EPA's unopposed motion to hold these consolidated cases in abeyance for sixty days. ECF No. 2099658. At the time the case was first held in abeyance, all parties had filed their principal briefs and only Petitioners' reply briefs remained to be filed. This case remains in abeyance, and it is not yet known how or when this case will proceed. On April 8, 2025, Respondent EPA filed an unopposed motion to continue the abeyance for thirty days, ECF No. 2109880, and the Court subsequently required motions to govern further proceedings by May 12, 2025, ECF No. 2110289. Nevertheless, Proposed Amici filed their pending motion for leave to file an amicus brief in support of Petitioners on April 15, 2025. ECF No. 2111115.

3

# ARGUMENT

As discussed below, courts may grant leave to file an untimely amicus brief if there is good cause for the late filing. Here, Proposed Amici's brief is six months overdue and Proposed Amici have not even attempted to show good cause for their untimeliness. Their motion for leave should therefore be denied. In any event, no good cause exists for Proposed Amici's untimely filing, and the filing of their brief at this late date would unfairly prejudice Respondent-Intervenors. The motion for leave should also be denied because the proposed brief is neither desirable nor relevant to the disposition of the case. *See* Fed. R. App. R. 29(a)(3)(B).

I. **The Court Should Deny Leave for Proposed Amici to File Their Brief Because They Have Failed to Show Good Cause for Their Untimely Filing**

"An amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed." Fed. R. App. P. 29(a)(6). "A 'principal brief' is the opening brief on the merits, as opposed to a reply brief or another variety of brief." *Fry v. Exelon Corp. Cash Balance Pension Plan*, 576 F.3d 723, 725 (7th Cir. 2009). While a party may seek leave to file an untimely amicus brief, courts deny leave to when there is no good cause for the late filing. *See, e.g.*, Order, *Carson v. Off. of Special Couns.*, No. 08-5219, 2009 WL 1201695, at *1 (D.C. Cir. Jan. 27, 2009) (applying a prior version of D.C. Circuit Rule 29); *Marbled Murrelet v. Babbitt*, 83

F.3d 1060, 1062 n.1 (9th Cir. 1996); *ThermoLife Int'l, LLC v. Am. Fitness Wholesalers, L.L.C.*, 831 F. App'x 325, 325 n.1 (9th Cir. 2020); *Friends of Animals v. U.S. Fish & Wildlife Serv.*, No. 4:18-cv-53, 2021 WL 4440347, at *2–3 (D. Utah Sept. 28, 2021).

Here, Proposed Amici's motion and brief supporting Petitioners were due on October 14, 2024. ECF No. 2072754; Fed. R. App. P. 29(a)(6); D.C. Cir. R. 29(c). Although Respondent-Intervenors' counsel stated they would oppose Proposed Amici's motion as untimely, Proposed Amici's motion does not even acknowledge the Court's deadline or attempt to provide good cause for their late filing. Proposed Amici have waived any arguments that the Court should excuse the untimeliness of their brief. *See, e.g.*, *City of Waukesha v. EPA*, 320 F.3d 228, 250 n.22 (D.C. Cir. 2003) (holding argument "first raised comprehensibly" in reply "is waived"); *Steel Joist Inst. v. Occupational Safety & Health Admin.*, 287 F.3d 1165, 1166 (D.C. Cir. 2002) (same). The Court should therefore deny Proposed Amici's motion to file their untimely brief.

## II.  No Good Cause Exists for Proposed Amici's Late Filing and Permitting the Filing Would Prejudice Respondent-Intervenors

Even if Proposed Amici had not waived the argument that they have good cause for filing an untimely brief, Proposed Amici would be unable to meet their burden. The circumstances clearly show that no good cause exists for Proposed Amici's belated actions. Proposed Amici had ample notice of this case and could

5

have filed their brief on time. And the filing of their amicus brief at this late stage of the case would prejudice Respondent-Intervenors.

### A. Proposed Amici Had Notice of This Case

Public documents show that Proposed Amici had actual notice of this case before their October 14, 2024, deadline. Michael Dourson serves as the President of both Proposed Amici.[1] On August 27, 2024, The Guardian reported that Mr. Dourson had sent an email in July 2024 "detailing a plan to develop and publish peer-reviewed science for chemical companies to wield as evidence against PFAS limits," which Mr. Dourson subsequently clarified encompassed the Rule at issue in this lawsuit.[2] Mr. Dourson's July 2024 email reportedly "cite[d] the legal challenge to the new regulations" and stated that scientific "papers will later this year be 'published as the first issue of [a] new journal' being established to first provide 'support' for the legal challenge."[3] Mr. Dourson reportedly spoke to The Guardian for the article,[4] and in September 2024, he published a response to the

---

[1] *See* Int'l Soc'y of Regul. Toxicology & Pharmacology, https://isrtp.org/ (last accessed Apr. 21, 2025); *TERA Staff*, Toxicology Excellence for Risk Assessment, https://tera.org/Staff/index.html (last accessed Apr. 21, 2025).
[2] Tom Perkins, *Scientists Tied to Chemical Industry Plan to Derail PFAS Rule on Drinking Water*, Guardian (Aug. 27, 2024), https://www.theguardian.com/us-news/article/2024/aug/27/scientists-chemical-industry-derail-pfas-regulation-drinking-water; Michael Dourson, *An Overview of Where We Are on PFAS in 2024*, 1 J. Toxicology & Regul. Pol'y 1, 2 (Jan. 2025), https://isrtp.kglmeridian.com/view/journals/jtrp/1/1/article-p1_2.xml?body=PDF.
[3] Perkins, *supra* note 2 (second alteration in original).
[4] *Id.*

article.[5] Consistent with The Guardian's reporting, on January 1, 2025, Proposed Amicus ISRTP published Volume 1, Issue 1 of the Journal of Toxicology and Regulatory Policy.[6] The issue includes a short article by Mr. Dourson, first submitted to the journal on September 24, 2024, that references the Rule and the court challenges to the Rule.[7]

These public documents demonstrate that Mr. Dourson, and by extension Proposed Amici, had actual notice of this case—and were actively contemplating engagement with this case—in July, August, and September of 2024, well before the October 14, 2024, amicus deadline, and with ample opportunity to file a timely amicus brief.

### B. Proposed Amici's Brief Relies on Information Available in October 2024

Propose Amici's brief states that it is "extensively inform[ed]" by the results of a workshop held in October 2023. Br. of Amici Curiae in Supp. of Pet'rs' & Vacatur, at 7–8, ECF No. 2111121 ("Proposed Amicus Br."). Clearly, Proposed Amici could have filed a timely brief in October 2024 based on a workshop that

---

[5] Michael Dourson, *Guardian Gets It Wrong: PFAS Risk Assessments Need to Incorporate International Input*, LinkedIn (Sept. 23, 2024), https://www.linkedin.com/pulse/guardian-gets-wrong-pfas-risk-assessments-need-input-michael-sbozc.

[6] Int'l Soc'y of Regul. Toxicology & Pharmacology, J. Toxicology & Regul. Policy, Volume 1: Issue 1 (Jan. 1, 2025), https://isrtp.kglmeridian.com/view/journals/jtrp/1/1/jtrp.1.issue-1.xml.

[7] Dourson, *supra* note 2.

7

took place one year earlier. In addition, Sections II and III(b) of Proposed Amici's brief are purely legal or policy arguments that could and should have been filed on time.

      C.    **Proposed Amici's Desire to Reply to Other Amici or to Respondents Is Insufficient Justification for Untimely Filing**

Proposed Amici note that four scientists filed an amicus brief in support of EPA and argue that Proposed Amici's brief would "provide the Court with a balanced presentation of the scientific issues." Proposed Amicus Br. at 3. Their desire to respond to the Scientist Amici Brief, ECF No. 2095046, is inadequate to justify their untimely motion. The structure of a standard briefing schedule is designed so that the *parties*—not other amici—"have the opportunity to engage with the arguments and perspectives of amici." *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15 Civ. 2739, 2022 WL 3536117, at *1 (S.D.N.Y. Aug. 18, 2022). Accordingly, even amici that file a timely brief, let alone those that inexplicably fail to meet court deadlines, "may not file a reply brief," without court permission. Fed. R. App. P. 29(a)(7).

Because Proposed Amici have waited to seek leave to file their brief until after all the parties' principal briefs were filed, for practical purposes they are seeking leave to participate for the first time on reply. Indeed, Proposed Amici's brief explicitly replies to arguments in EPA's brief. Proposed Amicus Br. at 16–17, 22–23. But the fact that Proposed Amici did not know what other amicus briefs

8

would be submitted or might want to reply to Respondent EPA's brief does not justify their belated filing. If that were a sufficient rationale, amici supporting Petitioners (or Appellants) in any case could sandbag opposing parties by waiting and filing only reply briefs, which would contravene the intentional briefing sequence created by the Court's rules. *See* Fed. R. App. P. 29(a)(6)–(7).

### D. The Untimeliness of Proposed Amici's Brief Would Prejudice Respondent-Intervenors

The deadline in Federal Rule of Appellate Procedure 29(a)(6) serves an important purpose: "as a general matter, the parties to the case or controversy before the Court should have the opportunity to engage with the arguments and perspectives of amici without resorting to supplemental briefing." *Petersen Energía Inversora, S.A.U.*, 2022 WL 3536117, at *1. Respondent-Intervenors timely filed their proof brief on January 17, 2025. ECF No. 2094834. If Proposed Amici were permitted to file their proposed brief at this late date, Respondent-Intervenors would be prejudiced by their inability to respond to arguments in that brief. Thus, even if Proposed Amici were permitted to and could show good cause for their belated filing, the Court should deny Proposed Amici's motion due to its untimeliness and prejudicial effect on other parties. *See Friends of Animals*, 2021 WL 4440347, at *2–3 (denying motion to participate as amici where amici "filed their Motion after briefing was scheduled and nearly complete," "provide[d] no justification for their delay," and because granting leave to participate "would

9

necessitate granting leave for Plaintiff to file a sur-reply"). An amicus brief is not "desirable" when it contravenes the Court's schedule and would prejudice existing parties. *See* Fed. R. App. P. 29(a)(3)(B).

### III. Proposed Amici's Brief Is Not Desirable and Is Largely Irrelevant

Even if Proposed Amici had shown good cause for their untimely filing, and the filing would not prejudice Respondent-Intervenors, Proposed Amici have failed to show why their "amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3)(B). Contrary to the Court's rules, the proposed brief includes arguments on claims not asserted by Petitioners and "ordinarily this [C]ourt will not entertain an *amicus's* argument if not presented by a party." *Huerta v. Ducote*, 792 F.3d 144, 151 (D.C. Cir. 2015). For example, Proposed Amici's brief extensively discusses and cites the legal standards for EPA's determination to regulate new drinking water contaminants in 42 U.S.C. § 300g-1(b)(1)(A). *See* Proposed Amicus Br. at 3–6, 16–18. But the proposed brief discusses science related to only two of the six PFAS chemicals covered by the Rule—PFOA and PFOS—which are the two contaminants for which the determination to regulate is *not* at issue in this litigation. Proposed Amici acknowledge that EPA determined to regulate PFOA and PFOS in 2021, *see* Proposed Amicus Br. at 6 n.5, and this Court has held that "the Safe Drinking Water Act does not permit EPA to withdraw a regulatory determination." *Nat. Res.*

10

*Def. Council v. Regan*, 67 F.4th 397, 398 (D.C. Cir. 2023). No party challenged EPA's 2021 determinations to regulate PFOA and PFOS. *See* Resp'ts' Proof Br. at 39 n.8, ECF No. 2091318. Proposed Amici's arguments regarding EPA's determinations to regulate PFOA and PFOS are irrelevant to the disposition of this case.

Proposed Amici also raise a new argument that EPA incorrectly concluded that PFOA and PFOS are carcinogens (i.e., cause cancer) and therefore EPA established incorrect maximum contaminant levels for these two chemicals. Proposed Amicus Br. at 5, 11–14. No Petitioner has contested EPA's conclusion that PFOA and PFOS are carcinogens or asserted a claim that the PFOA and PFOS maximum contaminant levels are erroneous for that reason. As noted above, this Court generally does not entertain arguments raised only by amici and not a party, *see Huerta v. Ducote*, 792 F.3d at 151, and the Court should decline to do so here. Proposed Amici's arguments about the carcinogenicity of PFOA and PFOS are not relevant to the disposition of the claims Petitioners assert in this case.

Lastly, Section II of the proposed brief addresses statutory interpretation issues and Section III(b) addresses domestic and international economic issues. Proposed Amici profess expertise in toxicology and do not claim any expertise in law or economics. Proposed Amicus Br. at 1–2. And economic arguments about "the goal of enhancing market efficiency and strengthening America's role in

11

global trade" lack any relation to the text and purpose of the Safe Drinking Water Act. *Compare* Proposed Amicus Br. at 23, *with* 42 U.S.C. § 300g-1. The Court should reject this proposed amicus brief that addresses issues unrelated to the claims presented by the Petitioners and to Proposed Amici's purported interests and expertise; these aspects of the brief are not helpful to the Court and not "desirable." *See* Fed. R. App. P. 29(a)(3).

**IV.  Proposed Amici's Motion Contravenes the Abeyance in This Case**

This case has been in abeyance since February 7, 2025, and will remain in abeyance until at least May 12, 2025. The abeyance was requested to "preserv[e] both this Court's and the parties' resources." Unopposed Mot. to Hold Case in Abeyance ¶ 3 (Feb. 7, 2025), ECF No. 2099439. Proposed Amici's decision to file their motion during the abeyance runs counter to the purpose of the abeyance and demonstrates a lack of regard for the Court and the other parties. It is also illogical. It is not yet clear whether this case will be resolved on the merits and, if so, when. For these reasons alone, the Court can and should deny Proposed Amici's motion.

In the alternative, and notwithstanding the abeyance, if the Court exercises its discretion to grant Proposed Amici "leave for later filing" than the rules allow, then the Court also should "specify[] the time within which an opposing party may answer," Fed. R. App. P. 29(a)(6), or order that proposed deadlines for answers to Proposed Amici's brief be included in the motions to govern due on May 12, 2025.

12

## CONCLUSION

For the foregoing reasons, this Court should deny Proposed Amici's motion for leave to file an amicus brief.

DATED: April 21, 2025                     Respectfully submitted,

/s/Katherine K. O'Brien                   /s/Jared J. Thompson
KATHERINE K. O'BRIEN                      JARED J. THOMPSON
Earthjustice                              Natural Resources Defense Council
P.O. Box 2297                             40 West 20th Street
South Portland, Maine 04116               New York, NY 10011
(212) 284-8036                            (202) 513-6249
kobrien@earthjustice.org                  jared.thompson@nrdc.org

SUZANNE NOVAK                             ERIK OLSON
HILLARY AIDUN                             Natural Resources Defense Council
Earthjustice                              1152 15th Street NW, Suite 300
48 Wall St., 15th floor                   Washington, DC 20005
New York, New York 10005                  (202) 289-2415
(212) 823-4981                            eolson@nrdc.org
(212) 284-8040
snovak@earthjustice.org                   KAREN CHEN
haidun@earthjustice.org                   Natural Resources Defense Council
                                          111 Sutter Street, 21st Floor
*Counsel for Buxmont Coalition*           San Francisco, CA 94104
*for Safe Water, Clean Cape Fear,*        (415) 875-8261
*Clean Haw River, Concerned*              kchen@nrdc.org
*Citizens of WMEL Water Authority*
*Grassroots, Environmental Justice*       *Counsel for Natural Resources*
*Task Force, Fight for Zero,*             *Defense Council*
*Merrimack Citizens for Clean Water,*
*and Newburgh Clean Water Project*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

I hereby certify that the foregoing Opposition contains 2,746 words, excluding the items listed in Fed. R. App. P. 32(f), and was composed in Times New Roman font, 14-point. The opposition complies with applicable type-volume and typeface requirements. Fed. R. App. P. 32(a)(5)–(6); Fed. R. App. P. 27(d)(2).

DATED: April 21, 2025

*/s/Katherine K. O'Brien*
KATHERINE K. O'BRIEN
Earthjustice
P.O. Box 2297
South Portland, Maine 04116
(212) 284-8036
kobrien@earthjustice.org

## CERTIFICATE OF SERVICE

I certify that on this 21st day of April, 2025, the foregoing Opposition to Motion for Leave to File Amicus Curiae Brief was filed with the electronic case filing (ECF) system of the U.S. Court of Appeals for the D.C. Circuit, which will provide electronic notice to all counsel of record.

DATED: April 21, 2025

/s/Katherine K. O'Brien
Katherine K. O'Brien
Earthjustice
P.O. Box 2297
South Portland, ME 04117
(212) 284-8036
kobrien@earthjustice.org