ORAL ARGUMENT NOT YET SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA

_____
AMERICAN WATER WORKS            )
ASSOCIATION, ET AL.,            )
                                )
    *Petitioners*,                )
                                )
v.                              )   No. 24-1188
                                )   Consolidated with
ENVIRONMENTAL PROTECTION        )   Nos. 24-1191, 24-1192
AGENCY, ET AL.                  )
                                )
                                )
    *Respondents*.               )
                                )
_____)

**REPLY OF TOXICOLOGY EXCELLENCE FOR RISK ASSESSMENT AND THE INTERNATIONAL SOCIETY FOR REGULATORY TOXICOLOGY AND PHARMACOLOGY TO THE OPPOSITION OF RESPONDENT-INTERVENORS TO MOTION FOR LEAVE TO FILE A BRIEF AS *AMICUS CURIAE***

Toxicology Excellence for Risk Assessment (TERA) and the International Society for Regulatory Toxicology and Pharmacology (ISRTP) hereby reply to the opposition of Respondent-Intervenors to TERA's and ISRTP's motion for leave to file a brief as *amici curiae* in support of Petitioners.

Respondent-Intervenors object to that *amicus* brief as untimely. However, as stated in the motion for leave to file, there is good cause for participation by TERA and ISRTP as *amici curiae.* Without TERA's and ISRTP's *amicus* brief the Court

1

will lack a balanced presentation of the scientific issues at stake in this case. The need to provide such balance did not arise until February 7, 2025, when this Court granted the motion of four individual scientists to submit an *amicus* brief on behalf of Respondents.

TERA and ISRTP acknowledge that, absent leave from the Court, an *amicus* brief must be filed within seven days after the principal brief of the party being supported is filed. Given the filing of the *amicus* brief of four individual scientists in support of Respondents, TERA and ISRTP properly sought leave of the Court to file an *amicus* brief that offers a view of the science that disagrees with EPA's determinations and that, as discussed in the brief, is more in line with international public health bodies as well as EPA's own guidelines.

Respondent-Intervenors also characterize TERA's and ISRTP's brief as a reply to the brief filed by four scientists on behalf of Respondents. Other than to note the filing of that brief as a reason for this Court to grant leave to TERA and ISRTP to file their own *amicus* brief, TERA's and ISRTP's brief discusses the science relied upon by EPA in this rulemaking, not the *amicus* brief filed by four individual scientists. TERA's and ISRTP's proposed brief does mention of the reliance by Respondents on the precautionary principle for their interpretation of statutory terms but that discussion was included only to explain to the Court that the scientific issues

2

discussed in TERA's and ISRTP's proposed *amicus* brief involve issues of policy and statutory interpretation, as well as science, a point that is relevant to this Court's review of the EPA regulation that is the subject of this case.

Finally Respondent-Intervenors object to TERA's and ISRTP's discussion of the strength (or weakness) of the science supporting EPA's determination that PFOA and PFOS are carcinogens and EPA's failure to follow its own guidelines when making that determination. However, they made no objection to the discussion of the purported carcinogenicity of PFOA and PFOS in the *amicus* brief on behalf of Respondent's filed by four scientists. The brief offered by TERA and ISRTP provide this Court with another view of the science as it relates to this issue, as well.

For the aforementioned reasons as well as the reasons discussed in their motion, the Court should grant leave to TERA and ISRTP to file their proposed *amicus* brief.

Dated: April 25, 2025                    Respectfully submitted,

/s/Edwin Donald Elliott, Jr.

Edwin Donald Elliott, Jr.
Susan Parker Bodine
Jeffrey Longsworth
**EARTH AND WATER LAW LLC**
1455 Pennsylvania Ave NW
Suite 400
Washington, DC 20004
(202) 658-8340

3

Aaron Szczesny
J.D. Candidate
Yale Law School
127 Wall Street
New Haven, CT  06511

Counsel for *Amici Curiae*

## **CERTIFICATE OF COMPLAINCE**

This reply complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because the reply contains 484 words.

Dated: April 25, 2025                     */s/Edwin Donald Elliott, Jr.*
                                          Edwin Donald Elliott, Jr.

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system on April 25, 2025. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: April 25, 2025                             */s/Edwin Donald Elliott, Jr.*
                                                  Edwin Donald Elliott, Jr.