NOT SCHEDULED FOR ORAL ARGUMENT

IN THE UNITED STATES COURT OF APPEALS
FOR THE D.C. CIRCUIT

| | |
|---|---|
| AMERICAN WATER WORKS ASSOCIATION, et al.,<br><br>    *Petitioners*,<br><br>  v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY and LEE M. ZELDIN, Administrator of the U.S. Environmental Protection Agency,<br><br>    *Respondents*. | Case No. 24-1188 |

**UNOPPOSED MOTION TO CONTINUE ABEYANCE**

Respondents United States Environmental Protection Agency and Administrator Lee M. Zeldin ("EPA") respectfully move the Court to continue to hold this matter in abeyance for an additional 21 days to allow the parties to confer and seek agreement on proposals to govern future proceedings following on from EPA's anticipated announcement of potential proceedings addressing the regulations challenged here. Petitioners and Respondent-Intervenors do not oppose this motion.

    1.    Petitioners seek review of an EPA action entitled, "PFAS National Primary Drinking Water Regulation," 89 Fed. Reg. 32532 (April 26, 2024) ("Rule").

2. Petitioners filed their opening briefs on October 7, 2024; Amici on behalf of Petitioners filed their brief on October 29, 2024; Respondents filed their brief on December 23, 2024; Respondent-Intervenors filed their brief on January 17, 2025; and Amici on behalf of Respondents filed their briefs on January 17, 2025. Petitioners have not yet filed reply briefs. Oral argument has not yet been scheduled.

3. On February 7, 2025, the Court granted EPA's unopposed motion for a 60-day abeyance of proceedings in this matter and directed EPA to file a motion to govern future proceedings by April 8, 2025. ECF No. 2099658.

4. On April 8, 2025, EPA filed an unopposed motion to continue the abeyance in this case for an additional 30 days. ECF No. 2109880. EPA reported that the additional time was necessary for new EPA leadership to complete its review of the issues presented by the Rule and develop its position on how to proceed in this litigation.

5. The Court granted EPA's motion to continue the abeyance on April 10, 2025, and directed EPA to file a motion to govern future proceedings by May 12, 2025. ECF No. 2110289.

6. On April 28, 2025, EPA announced a slate of upcoming agency actions that EPA plans to undertake to address per- and polyfluoroalkyl substances ("PFAS") under various regulatory programs. *See*

https://www.epa.gov/newsreleases/administrator-zeldin-announces-major-epa-actions-combat-pfas-contamination.  Among other planned actions, EPA announced its intent to "[a]ddress the most significant compliance challenges and requests from Congress and drinking water systems related to" the Rule challenged here.  EPA is currently finalizing its plans with respect to addressing this issue.

7. In light of EPA's announcement, EPA respectfully requests that the Court continue the abeyance for an additional 21 days.  A short additional abeyance period is appropriate to provide time for EPA to decide on its planned course of action and for the parties to evaluate the potential impact of EPA's announcement on the issues presented here and confer regarding how to proceed in this litigation.

8. No party would be prejudiced by the requested abeyance, and none oppose this motion.  Because this matter is already in abeyance, no deadlines will be impacted by continuing the abeyance.

9. For these reasons, the Court should continue to hold this matter in abeyance for an additional 21 days, with the parties' motions to govern due at the end of that period.

                Respectfully submitted,

                ADAM R.F. GUSTAFSON
                  *Acting Assistant Attorney General*

| *Of Counsel:* | /s/ *Andrew D. Knudsen* |
|---|---|
| HEIDI NALVEN | ANDREW D. KNUDSEN |
|   U.S. Environmental Protection Agency |   U.S. Department of Justice |
|   *Office of General Counsel* |   Env't & Natural Resources Div. |
| |   P.O. Box 7611 |
| |   Washington, DC 20044 |
| |   (202) 353-7466 |
| |   Andrew.Knudsen@usdoj.gov |

May 12, 2025

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 484 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Finally, I certify that on May 12, 2025, I electronically filed this document with the Court's CM/ECF system, which will serve each party's counsel of record.

                                                    */s/  Andrew D. Knudsen*
                                                    ANDREW D. KNUDSEN