NOT SCHEDULED FOR ORAL ARGUMENT

IN THE UNITED STATES COURT OF APPEALS
FOR THE D.C. CIRCUIT

| | |
|---|---|
| AMERICAN WATER WORKS ASSOCIATION, et al., *Petitioners*, v. U.S. ENVIRONMENTAL PROTECTION AGENCY and LEE M. ZELDIN, Administrator of the U.S. Environmental Protection Agency, *Respondents*. | Case No. 24-1188 and consolidated cases |

**UNOPPOSED MOTION TO CONTINUE ABEYANCE**

Respondents United States Environmental Protection Agency and Administrator Lee M. Zeldin ("EPA") respectfully move the Court to continue to hold this matter in abeyance for an additional 45 days while the United States determines the most appropriate course of action for this litigation in light of EPA's decision to reconsider portions of the challenged rule.

Counsel for EPA conferred with counsel for the other parties in these consolidated cases regarding this motion. Petitioners in Case Numbers 24-1191 (National Association of Manufacturers and American Chemistry Council) and 24-1192 (The Chemours Company FC, LLC) represented that they consent to EPA's request for a 45-day extension of the current abeyance. Petitioners in Case

Number 24-1188 (American Water Works Association and Association of Metropolitan Water Agencies) and Respondent-Intervenors represented that they do not oppose EPA's request for a 45-day extension of the current abeyance, but that they reserve their rights to oppose further extensions of the abeyance and to move to lift the abeyance (including during the 45-day extension period, if necessary to protect their interests).

In support of this motion, EPA states as follows:

1. Petitioners seek review of an EPA action entitled, "PFAS National Primary Drinking Water Regulation," 89 Fed. Reg. 32532 (April 26, 2024) ("Rule"). The Rule establishes National Primary Drinking Water Regulations for PFOS and PFOA, two contaminants in a class of compounds known as per- and polyfluoroalkyl substances ("PFAS"). The Rule also sets forth regulatory determinations and establishes National Primary Drinking Water Regulations for three additional PFAS compounds—PFHxS, PFNA, and HFPO-DA—as well as mixtures containing two or more of PFHxS, PFNA, HFPO-DA, and/or PFBS.

2. Petitioners filed their opening briefs on October 7, 2024; Amici on behalf of Petitioners filed their brief on October 29, 2024; Respondents filed their brief on December 23, 2024; Respondent-Intervenors filed their brief on January 17, 2025; and Amici on behalf of Respondents filed their briefs on January 17,

2025. Petitioners have not yet filed reply briefs. Oral argument has not yet been scheduled.

3. On February 7, 2025, the Court granted EPA's unopposed motion for a 60-day abeyance of proceedings in this matter and directed EPA to file a motion to govern future proceedings by April 8, 2025. ECF No. 2099658.

4. On April 8, 2025, EPA filed an unopposed motion to continue the abeyance in this case for an additional 30 days. ECF No. 2109880. EPA reported that the additional time was necessary for new EPA leadership to complete its review of the issues presented by the Rule and develop its position on how to proceed in this litigation.

5. The Court granted EPA's motion to continue the abeyance on April 10, 2025, and directed EPA to file a motion to govern future proceedings by May 12, 2025. ECF No. 2110289.

6. On May 12, 2025, EPA filed an unopposed motion to continue the abeyance for an additional 21 days. ECF No. 2115469. EPA reported that it was finalizing its plans with respect to the Rule, and that additional time was needed for the parties to consider EPA's impending announcement and evaluate its potential impact on the issues presented here.

7. The Court granted EPA's motion for a 21-day extension of the abeyance on May 14, 2025, and directed EPA to file a motion to govern future proceedings by June 4, 2025.  ECF No. 2115832.

8. EPA announced its planned actions with respect to the challenged Rule on May 14, 2025.  *See* https://www.epa.gov/newsreleases/epa-announces-it-will-keep-maximum-contaminant-levels-pfoa-pfos.  In that announcement, EPA stated that it intends to retain the Rule's current National Primary Drinking Water Regulations for PFOS and PFOA.  Separately, EPA intends to develop a rulemaking to provide additional time for compliance with the standards for PFOS and PFOA, including a proposal to extend the compliance date to 2031.  *Id.*  EPA plans to issue a proposed rule this fall and finalize this rule in the Spring of 2026.  *Id.*  EPA also announced that it intends to rescind the Rule's National Primary Drinking Water Regulations for PFHxS, PFNA, HFPO-DA, and mixtures containing two of more of those compounds and/or PFBS, and to reconsider the regulatory determinations for those contaminants.  *Id.*

9. In light of the May 14 announcement, EPA respectfully requests that the Court continue the abeyance for an additional 45 days.  EPA is still evaluating the impact of its planned reconsideration and compliance extension proceedings on the issues presented in this case.  This evaluation has taken longer than anticipated at the time EPA filed its last motion to govern.  Additional time is necessary for

4

EPA to fully evaluate these issues, develop a proposal for how to proceed in this matter, and confer with the other parties.

10. No party would be prejudiced by the requested abeyance, and none oppose this motion. Because this matter is already in abeyance, no deadlines will be impacted by continuing the abeyance.

11. For these reasons, the Court should continue to hold this matter in abeyance for an additional 45 days, with the parties' motions to govern due at the end of that period.

                                              Respectfully submitted,

                                              ADAM R.F. GUSTAFSON
                                                *Acting Assistant Attorney General*

| *Of Counsel:* | */s/ Andrew D. Knudsen* |
| --- | --- |
| HEIDI NALVEN | ANDREW D. KNUDSEN |
|   U.S. Environmental Protection Agency |   U.S. Department of Justice |
|   *Office of General Counsel* |   Env't & Natural Resources Div. |
| |   P.O. Box 7611 |
| |   Washington, DC 20044 |
| |   (202) 353-7466 |
| |   Andrew.Knudsen@usdoj.gov |

June 4, 2025

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 835 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Finally, I certify that on June 4, 2025, I electronically filed this document with the Court's CM/ECF system, which will serve each party's counsel of record.

                                                              */s/  Andrew D. Knudsen*
                                                           ANDREW D. KNUDSEN