**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| AMERICAN WATER WORKS ASSOCIATION and ASSOCIATION OF METROPOLITAN WATER AGENCIES,<br><br>*Petitioners*,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and LEE M. ZELDIN, in his official capacity as EPA Administrator,<br><br>*Respondents*. | No. 24-1188 (consolidated with Nos. 24-1191, 24-1192) |

**UNOPPOSED MOTION OF PETITIONERS AMERICAN WATER WORKS ASSOCIATION AND ASSOCIATION OF METROPOLITAN WATER AGENCY TO RECONSIDER CLERK'S ORDER OF SEPTEMBER 16, 2025**

Pursuant to Federal Rule of Appellate Procedure 27 and Circuit Rule 27, Petitioners American Water Works Association ("AWWA") and Association of Metropolitan Water Agencies ("AMWA") (together, "Water Associations") respectfully move for this Court to reconsider and modify the Clerk's Order entered September 16, 2025 (Doc. No. 2135130) ("September 16th Order").[1]

---

[1] Water Associations are authorized to represent that Petitioners National Association of Manufacturers and American Chemistry Council consent to this

1

Water Associations urge this Court to enter the remaining deadlines outlined in the parties' Joint Motion to Establish Briefing Format and Schedule (Doc. No. 2134741), filed September 12, 2025 ("September 12th Motion"), that were deferred by the September 16th Order. Those dates are as follows:

| **Filing** | **Deadline** |
|---|---|
| Respondent-Intervenors' revised brief, if Respondent-Intervenors seek leave to file a revised brief and the Court grants leave to do so, <br> *or* <br> Respondent-Intervenors' proposed revised brief, if the Court has not yet acted on Respondent-Intervenors' motion for leave to file a revised brief | November 7, 2025 |
| Reply Brief for Petitioners in No. 24-1188 <br> Reply Brief for Petitioners in No. 24-1191 and 24-1192 | December 5, 2025 |
| Deferred Joint Appendix | December 12, 2025 |
| Final Briefs | December 19, 2025 |

During the extensive negotiations amongst the parties over the remaining schedule, Water Associations were adamant that they ***would not*** agree to a schedule, such as the one entered by the clerk's office, that did not include a schedule to complete briefing because Water Associations (1) are concerned about further delay

---

motion, and that Petitioner The Chemours Company FC, LLC does not oppose. Respondents and Respondent-Intervenors take no position.

in a resolution to this case and (2) believe that all issues are merits-related and therefore should proceed to a merits panel for resolution.

In support, Water Associations state the following:

1. These consolidated cases challenge a regulation promulgated by Respondent U.S. Environmental Protection Agency ("EPA"): "PFAS National Primary Drinking Water Regulation," 89 Fed. Reg. 32,532 (Apr. 26, 2024) ("Rule").

2. Petitioners timely filed their petitions for review of the Rule. *See* Doc. Nos. 2058535 (Water Associations, No. 24-1188); 2058848 (No. 24-1191); and 2059361 (No. 24-1192). Petitioners filed their opening briefs on October 7, 2024. *See* Doc. Nos. 2078734 (Water Associations); 2078731 (Petitioners in Nos. 24-1191 and 24-1192). EPA filed its answering brief on December 23, 2024, *see* Doc. No. 2091318, followed by the Respondent-Intervenors on January 17, 2025, *see* Doc. No. 2094834.

3. Prior to the completion of briefing, these consolidated cases were placed in abeyance, pursuant to the terms of this Court's order dated February 7, 2025. *See* Doc. No. 2099658. The abeyance continued through July 21, 2025. *See* Doc. Nos. 2110289 (April 10th Clerk's Order); 2115832 (May 14th Clerk's Order); and 2119400 (June 5th Clerk's Order); *infra* ¶ 5.

4. On May 14, 2025, Respondent EPA publicly announced its intention to rescind certain of the challenged agency actions and reconsider the regulatory

3

determinations in the agency action challenged in these consolidated cases. *See* Press Release, EPA, EPA Announces It Will Keep Maximum Contaminant Levels for PFOA, PFOS (May 14, 2025), https://perma.cc/5QHK-G5PA ("PFAS Announcement").

5.　　On July 21, 2025, Respondents moved to remove the consolidated cases from abeyance and requested an order directing the parties to submit a schedule and format for completion of briefing by August 1, 2025. *See* Doc. No. 2126542. This Court granted that motion on July 22, 2025. *See* Doc. No. 2126755.

6.　　On August 1, 2025, Respondents filed a Joint Motion to Govern, wherein Respondents noted their intention to file either a motion or letter with the Court clarifying their position in this litigation and proposed a briefing schedule that took into account that then-forthcoming filing from Respondents. *See* Doc. No. 2128362. The Court ordered the parties to file motions governing future proceedings by September 10, 2025. *See* Doc. No. 2129115.

7.　　On September 10, 2025, Respondents filed a Joint Motion to Govern, wherein the parties requested a deadline of September 12, 2025, to file a proposed briefing schedule. *See* Doc. No. 2134361.

8.　　During the abeyance, Water Associations repeatedly expressed their concern to the other parties that further delay in the resolution of this case would

create problems for regulated entity members, who must make significant capital expenditures in advance of the ever-approaching compliance deadlines.

9. On September 11, 2025, Respondents filed a Motion for Partial Vacatur, wherein they moved for this Court to vacate certain portions of the Rule—those relating to contaminants that the parties often refer to as the "Index PFAS." *See* Doc. No. 2134523. Respondents stated that Petitioners consent to the motion and that Respondent-Intervenors oppose the motion and intend to file a response.

10. On September 12, 2025, the Court granted the Joint Motion to Govern, ordering parties to file a joint proposed briefing format and schedule that same day. *See* Doc. No. 2134580.

11. In accordance with the Court's September 12th order, the parties submitted the September 12th Motion. *See* Doc. No. 2134741. That motion set forth a proposed briefing schedule, as agreed upon by the parties, that would (1) conclude briefing on EPA's Motion for Partial Vacatur and (2) conclude merits briefing in these consolidated cases. *See id.* ¶ 9. The briefing schedule proposed in the September 12th Motion is reproduced below, with the deadlines included in the Court's September 16th Order (the first four items) italicized:

5

| **Filing** | **Deadline** |
|---|---|
| *Responses to Respondents' Motion for Partial Vacatur, including any consolidated motion for affirmative requests for relief related thereto* | *September 26, 2025* |
| *Respondents' consolidated reply in support of the Motion for Partial Vacatur and response to any motion for affirmative relief* | *October 10, 2025* |
| *Other parties' responses to motions for affirmative relief related to the Motion for Partial Vacatur, if any* | *October 10, 2025* |
| *Replies in support of motions for affirmative relief related to the Motion for Partial Vacatur, if any* | *October 22, 2025* |
| Respondent-Intervenors' revised brief, if Respondent-Intervenors seek leave to file a revised brief and the Court grants leave to do so, *or* Respondent-Intervenors' proposed revised brief, if the Court has not yet acted on Respondent-Intervenors' motion for leave to file a revised brief | November 7, 2025 |
| Reply Brief for Petitioners in No. 24-1188<br>Reply Brief for Petitioners in Nos. 24-1191 and 24-1192 | December 5, 2025 |
| Deferred Joint Appendix | December 12, 2025 |
| Final Briefs | December 19, 2025 |

12. As noted, in the September 16th Order, this Court entered the briefing deadlines for Respondents' Motion for Partial Vacatur—those filings and deadlines

6

italicized above—but deferred consideration of the remainder of the motion, including the deadlines to conclude merits briefing.

13. Water Associations respectfully request that the Court reconsider the portion of its September 16th Order deferring the remainder of the September 12th Motion, including the deadlines to conclude merits briefing, and further request that the Court enter the remaining deadlines identified in the September 12th Motion so that the parties may conclude merits briefing. *See* Fed. R. App. P. 27(b); Circuit Rule 27(d)(2).

14. Federal Rule of Appellate Procedure 27(b) provides that "[a] party adversely affected by the court's, or the clerk's, action may file a motion to reconsider, vacate, or modify that action." Likewise, Circuit Rule 27(d)(2) provides that "[a]ny interested party adversely affected by an order of the clerk disposing of a motion may move for reconsideration thereof within 10 days after entry of the order." This motion is timely under Circuit Rule 27(d)(2) because it is filed within ten (10) days of the Court's September 16th Order.

15. The schedule proposed in the September 12th Motion was the result of much back-and-forth negotiation among the parties, and Water Associations, for their part, took the position that any proposed schedule *must* include deadlines to move forward with and conclude merits briefing. Water Associations ***would not*** have joined a motion proposing the schedule ordered by the clerk's office.

16. Water Associations believe it is in their members' interests to move forward with completion of merits briefing in these consolidated cases, notwithstanding Respondents' Motion for Partial Vacatur, for at least two principal reasons.

17. *First*, Water Associations believe they will be prejudiced by further delay in the resolution of the merits of these consolidated cases. Water Associations represent entities (e.g., public water systems) directly regulated by the Rule. Water Associations' members therefore need prompt resolution of these consolidated cases in order to determine their compliance obligations under the Rule and the steps and financial commitments they may (or may not) need to take to ensure compliance.

18. Petitioners filed their petitions for review of the Rule in June 2024—well over a year ago—and briefing still remains incomplete, meaning that a final merits resolution, as of now, remains distant in time. At the same time, Respondent EPA has not yet formally extended the Rule's compliance deadlines, nor has it formally rescinded any portion of the Rule. As such, Water Associations' members currently remain subject to the Rule's existing compliance deadlines, which, for many members, arrive in 2027 (testing) and 2029 (compliance). *See* 89 Fed. Reg. at 32,533. (Moreover, any formal action by Respondent EPA to extend compliance deadlines or rescind portions of the Rule may face a separate legal challenge, which will generate further delay and uncertainty for Water Associations' members.)

19. Furthermore, resolution of Respondents' Motion for Partial Vacatur will not lessen the need for prompt resolution of this proceeding. The motion is only for *partial* vacatur, specifically vacatur of actions related to the Index PFAS. Even if the motion is granted by this Court, Water Associations' members will still be subject to those portions of the Rule unaffected by the motion, i.e., those related to the other contaminants regulated by the Rule, PFOA and PFOS. Respondent EPA has indicated it does not intend, as of now, to reconsider those portions of the Rule. *See* PFAS Announcement, *supra* (EPA "announced the agency will keep the current National Primary Drinking Water Regulations (NPDWR) for perfluorooctanoic acid (PFOA) and perfluorooctane sulfonic acid (PFOS)").

20. Water Associations are concerned that delaying completion of merits briefing in order to first resolve Respondents' Motion for Partial Vacatur runs the risk of pushing this proceeding beyond the Court's 2025-2026 oral argument calendar. Such a significant delay would severely prejudice Water Associations. Especially so for Water Associations' members, who would be placed in the position of choosing between (1) making significant financial outlays now to comply with the Rule, portions of which may later be vacated by this Court, or (2) delaying such financial outlays in anticipation of this Court's decision, thereby reducing the time for and potentially increasing the costs of complying with the operative parts of the Rule. Neither position is tenable for Water Associations' members, and the problem

is easily avoidable by entering, in its entirety, the proposed briefing schedule in the September 12th Motion, which all parties agreed upon.

21.  *Second*, and relatedly, Water Associations are concerned that resolution of Respondents' Motion for Partial Vacatur will be so intertwined with the merits of this proceeding that the motion will be referred to the merits panel for this matter, rather than a motions panel. If so, Water Associations believe there will be little (if any) benefit to delaying completion of merits in order to resolve the motion. There is no need for such complexity and delay, especially when the parties agreed upon a schedule to conclude merits briefing.

22.  For the reasons stated herein, Water Associations respectfully request that this Court reconsider and modify its September 16th Order to enter the entire briefing schedule proposed in the parties' September 12th Motion.

Date:  September 26, 2025

Respectfully submitted,

*/s/ Corinne V. Snow*
Corinne V. Snow
V<small>INSON</small> & E<small>LKINS</small> LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington DC 20037
csnow@velaw.com
Phone: (202) 639-6622
Fax:  (917) 879-8998

*Counsel for Petitioners American Water Works Association and Association of Metropolitan Water Agencies (Case No. 24-1188)*

11

# **CERTIFICATE OF COMPLIANCE**

1. This motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,935 words, excluding the parts exempted by Federal Rules of Appellate Procedure 32(f) and 27(d)(2).

2. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Date: September 26, 2025            /s/  Corinne V. Snow

                                            Corinne V. Snow
                                            VINSON & ELKINS LLP
                                            2200 Pennsylvania Avenue NW
                                            Suite 500 West
                                            Washington DC 20037
                                            csnow@velaw.com
                                            Phone:  (202) 639-6622
                                            Fax:  (917) 879-8998

                                            *Counsel for Petitioners American*
                                            *Water Works Association and*
                                            *Association of Metropolitan Water*
                                            *Agencies (Case No. 24-1188)*

# **CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Appellate Procedure 25, I hereby certify that on September 26, 2025, I electronically filed the foregoing document with the Clerk of the Court for the U.S. Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system, and served copies of the foregoing via the Court's CM/ECF system on all ECF-registered counsel.

Date: September 26, 2025                /s/  *Corinne V. Snow*

                                               Corinne V. Snow
                                               VINSON & ELKINS LLP
                                               2200 Pennsylvania Avenue NW
                                               Suite 500 West
                                               Washington DC 20037
                                               csnow@velaw.com
                                               Phone:  (202) 639-6622
                                               Fax:  (917) 879-8998

                                               *Counsel for Petitioners American Water Works Association and Association of Metropolitan Water Agencies (Case No. 24-1188)*