ORAL ARGUMENT NOT YET SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| AMERICAN WATER WORKS ASSOCIATION and ASSOCIATION OF METROPOLITAN WATER AGENCIES, <br><br> *Petitioners*, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and LEE M. ZELDIN, in his official capacity as EPA Administrator, <br><br> *Respondents*. | No. 24-1188 (consolidated with Nos. 24-1191, 24-1192) |

**RESPONSE OF PETITIONERS AMERICAN WATER WORKS ASSOCIATION AND ASSOCIATION OF METROPOLITAN WATER AGENCIES IN OPPOSITION TO RESPONDENT-INTERVENORS' MOTION FOR LEAVE TO FILE A REVISED AND EXPANDED BRIEF**

(Names and addresses of counsel appear on next page.)

Dated: December 3, 2025

Corinne V. Snow
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington DC 20037
csnow@velaw.com
Phone:  (202) 639-6622
Fax:  (917) 879-8998

*Counsel for Petitioners American Water
Works Association and Association of
Metropolitan Water Agencies
(Case No. 24-1188)*

**TABLE OF CONTENTS**

Table of Authorities ............................................................................. ii

Glossary................................................................................................v

Introduction ........................................................................................1

Argument............................................................................................4

      I.     The Court should deny Intervenors' request to refer
            Respondents' motion for partial vacatur to the merits panel. ..................4

      II.    The Court should deny Intervenors' request for a doubled
            word count. ..........................................................................9

Conclusion ........................................................................................17

Certificate of Compliance ...................................................................18

Certificate of Service .........................................................................19

# TABLE OF AUTHORITIES

**Cases:** **Page(s)**

*Akiachak Native Cmty. v. U.S. Dep't of Interior*,
827 F.3d 100 (D.C. Cir. 2016) ........................................................................13

*Alaska v. U.S. Dep't of Agric.*,
17 F.4th 1224 (D.C. Cir. 2021) ...................................................................7, 15

*American Foreign Serv. Ass'n v. Garfinkel*,
490 U.S. 153 (1989) .........................................................................................11

*City of Erie v. Pap's A.M.*,
529 U.S. 277 (2000) ...........................................................................................7

*City of Waukesha v. EPA*,
320 F.3d 228 (D.C. Cir. 2003) ...........................................................................6

*Corson & Gruman Co. v. NLRB*,
899 F.3d 47 (D.C. Cir. 1990) ...........................................................................11

*Ethyl Corp. v. Browner*,
989 F.2d 522 (D.C. Cir. 1993) ...........................................................................8

*Ford Motor Co. v. NLRB*,
305 U.S. 364 (1939) ...........................................................................................6

*Friends of Animals v. Bernhardt*,
961 F.3d 1197 (D.C. Cir. 2020) .......................................................................12

*Glob. Tel*Link v. FCC*,
866 F.3d 397 (D.C. Cir. 2017) ................................................................ 6, 13, 14

*In re Clean Water Act Rulemaking*,
60 F.4th 583 (9th Cir. 2023) ...............................................................................6

*Limnia, Inc. v. Dep't of Energy*,
857 F.3d 379 (D.C. Cir. 2017) ...........................................................................8

*Louisiana v. Am. Rivers*,
142 S. Ct. 1347 (2022) ........................................................................................6

**Cases—Continued:** **Page(s)**

*Mexichem Specialty Resins v. EPA*,
   787 F.3d 544 (D.C. Cir. 2015) ...................................................................5

*Nat. Res. Def. Council v. Regan*,
   67 F.4th 397 (D.C. Cir. 2023) ...................................................................6

*Nat'l Mining Ass'n v. U.S. Dep't of Interior*,
   251 F.3d 1007 (D.C. Cir. 2001) ........................................................ 12, 13

*Nat'l Wildlife Fed'n v. Hodel*,
   839 F.2d 694 (D.C. Cir. 1988) .................................................................14

*Nat'l Wildlife Fed'n v. Lujan*,
   928 F.2d 453 (D.C. Cir. 1991) .................................................................15

*Pub. Citizen, Inc. v. FERC*,
   92 F.4th 1124 (D.C. Cir. 2024) ...............................................................15

*Sierra Club v. EPA*,
   705 F.3d 458 (D.C. Cir. 2013) ...................................................................4

*West Virginia v. EPA*,
   142 S. Ct. 2587 (2022) ........................................................................ 15, 16

*Wyoming v. U.S. Dep't of Interior*,
   587 F.3d 1245 (10th Cir. 2009) ...............................................................13

**Statutes:**

42 U.S.C. § 300g-1(b)(9) ...............................................................................6

**Administrative Materials:**

PFAS National Primary Drinking Water Regulation,
   89 Fed. Reg. 32,532 (Apr. 26, 2024) ........................................................1

**Federal Rules of Appellate Procedure:**

Fed. R. App. P. 27(3)(B) ................................................................................3

Fed. R. App. P. 27(a)(3)(A) ...........................................................................4

**D.C. Circuit Rules:**                                                 **Page(s)**

D.C. Cir. R. 27(c) ..................................................................................3

D.C. Cir. R. 32(e)(2)(B) ........................................................................9

**Other Authorities:**

Letter from David M. Gossett, Deputy Gen. Couns., FCC, to Mark J. Langer, Clerk, U.S. Court of Appeals for the D.C. Circuit, *Global Tel*Link v. FCC*, No. 15-1461 (D.C. Cir. Jan. 31, 2017) .............................................14

Order, *California v. EPA*, No. 21-1035 (D.C. Cir. Apr. 5, 2021) ...........................5

Order, *Nat. Res. Def. Council v. EPA*, No. 09-1198 (D.C. Cir. Aug. 30, 2013) ......................................................................5

Order, *South Coast Air Quality Mgmt. Dist. v. EPA*, No. 15-1115 (D.C. Cir. Aug. 29, 2016) ......................................................................5

Press Release, EPA, EPA Announces It Will Keep Maximum Contaminant Levels for PFOA, PFOS (May 14, 2025), https://perma.cc/5QHKG5PA ..............................................2, 8, 12, 14

Resp't EPA's Mot. for Voluntary Remand and Partial Vacatur, *Nat. Res. Def. Council v. EPA*, No. 09-1198 (D.C. Cir. June 6, 2013) ...............5

Resp't EPA's Unopposed Mot. for Voluntary Vacatur and Remand, *California v. EPA*, No. 21-1035 (D.C. Cir. Mar. 17, 2021) .................................5

Resp'ts' Unopposed Mot. for Voluntary Remand with Vacatur of Specific Portions of the Rulemaking at Issue, *South Coast Air Quality Mgmt. Dist. v. EPA*, No. 15-1115 (D.C. Cir. July 21, 2016) ....................................5

Response of Intervenor-Resp't Utility Air Regulatory Group to Resp't's Mot. for Voluntary Remand and Partial Vacatur, *Nat. Res. Def. Council v. EPA*, No. 09-1198 (D.C. Cir. June 20, 2013) .............................................5

Withdrawal of Regulatory Determinations and Removal of Related Provisions for Four PFAS Substances (PFHxS, PFNA, HFPO-DA (GenX), and the Mixture of These Three PFAS Plus PFBS), RIN 2040-AG53, https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=2025 04&RIN=2040-AG53 ........................................................3, 8, 12, 14

iv

# GLOSSARY

| | |
|---|---|
| the Act | The Safe Drinking Water Act |
| AMWA | Petitioner Association of Metropolitan Water Agencies |
| AWWA | Petitioner American Water Works Association |
| EPA (or the Agency) | Environmental Protection Agency |
| Goal | Maximum contaminant level goal |
| HFPO-DA | Hexafluoropropylene oxide dimer acid |
| Index PFAS | HFPO-DA, PFBS, PFHxS, and PFNA |
| Level | Maximum contaminant level |
| PFAS | Per- and polyfluoroalkyl substances |
| PFBS | Perfluorobutane sulfonic acid |
| PFHxS | Perfluorohexane sulfonic acid |
| PFNA | Perfluorononanoic acid |
| the Rule | PFAS National Primary Drinking Water Regulation, 89 Fed. Reg. 32,532 (Apr. 26, 2024) |
| Water Associations | Petitioners American Water Works Association and Association of Metropolitan Water Agencies |

## INTRODUCTION

Petitioners American Water Works Association ("AWWA") and Association of Metropolitan Water Agencies ("AMWA") (together, "Water Associations") file this response in opposition to Respondent-Intervenors' Motion for Leave to File a Revised and Expanded Brief, ECF No. 2137412 (Sept. 26, 2025) ("Intervenors' Mot."). Intervenors' motion should be denied in full: This case has already been delayed far too long, and Intervenors' motion should be expediently ruled on by the motions panel. Intervenors are not entitled to ***double*** their original word count, on an issue that has already been fully briefed by the parties, merely because they are dissatisfied with how Respondents have chosen to defend their own rule.

Respondents filed a motion for partial vacatur on September 11, 2025. *See* Resp'ts' Mot. for Partial Vacatur, ECF No. 2134523 (Sept. 11, 2025) ("EPA Mot.").[1] By that motion, Respondents requested this Court vacate certain provisions of the Environmental Protection Agency ("EPA" or "the Agency") action challenged by Petitioners in this case: PFAS National Primary Drinking Water Regulation, 89 Fed. Reg. 32,532 (Apr. 26, 2024) ("Rule"). The Rule, promulgated pursuant to the Safe Drinking Water Act ("Act"), concerns the regulation of six per- and polyfluoroalkyl

---

[1] Water Associations filed a response in support of Respondents' Motion for Partial Vacatur. *See* Resp. of Pet'rs American Water Works Association and Association of Metropolitan Water Agencies in Support of Resp'ts' Mot. for Partial Vacatur, ECF No. 2137385 (Sept. 26, 2025) ("Water Associations Resp.").

substances ("PFAS"). Respondents specifically seek vacatur of the determinations to regulate three individual PFAS—perfluorononanoic acid ("PFNA"), perfluorohexane sulfonic acid ("PFHxS"), and hexafluoropropylene oxide dimer acid ("HFPO-DA")—and mixtures of those three PFAS along with perfluorobutane sulfonic acid ("PFBS") (collectively, the "Index PFAS"). *See* EPA Mot. 1. Respondents also seek vacatur of the maximum contaminant level goals ("Goals") and maximum contaminant levels ("Levels") for those same PFAS. *Id.* (Herein, and for greater ease of reference, those provisions which Respondents seek vacated are referred to as the "Index PFAS provisions.") Respondents concede that EPA's process for promulgating the Index PFAS provisions was "unlawful" and failed to follow the strict requirements of the Act. *See id.* at 1-2.

Respondents' motion for partial vacatur followed EPA's prior announcement that the Agency "inten[ds] to rescind the regulations and reconsider the regulatory determinations for PFHxS, PFNA, HFPO-DA, and the [mixtures] of these three plus PFBS to ensure that the determinations and any resulting drinking water regulation follow the legal process laid out in the Safe Drinking Water Act." Press Release, EPA, EPA Announces It Will Keep Maximum Contaminant Levels for PFOA, PFOS (May 14, 2025), https://perma.cc/5QHKG5PA ("PFAS Announcement"); *see* EPA Mot. 1, 8 (confirming same). This planned regulatory action is currently listed in the most recent Office of Information and Regulatory Affairs "Current Unified

Agenda of Regulatory and Deregulatory Actions." *See* Withdrawal of Regulatory Determinations and Removal of Related Provisions for Four PFAS Substances (PFHxS, PFNA, HFPO-DA (GenX), and the Mixture of These Three PFAS Plus PFBS), RIN 2040-AG53 (Spring 2025), https://www.reginfo.gov/public/do/e AgendaViewRule?pubId=202504&RIN=2040-AG53 ("Unified Agenda").

Intervenors filed an opposition to Respondents' motion for partial vacatur. *See* Intervenors' Mot. 1. In that same filing, Intervenors also make two requests. *First*, Intervenors argue that Respondents' motion for partial vacatur should be referred to the merits panel for this case.[2] *See id.* at 5. *Second*, Intervenors request leave to file a revised and expanded brief of up to 18,200 words (double their original word count), in light of Respondents' motion for partial vacatur. *See id.* at 30; *see also* Order at 2, ECF No. 2072754 (Sept. 3, 2024) (ordering Intervenors' brief "not to exceed 9,100 words"). Intervenors' requests, however, are unreasonable, inconsistent with Circuit precedent and practice, and would likely prolong or delay

---

[2] Intervenors combined their Motion for Leave to File a Revised and Expanded Brief with their Opposition to the Environmental Protection Agency's Motion for Partial Vacatur. *See* Intervenors' Mot. 1. Water Associations interpret Intervenors' request that Respondents' motion for partial vacatur be referred to the merits panel as a request for affirmative relief—rather than as a direct response to Respondents' motion for partial vacatur—and thus appropriate for response by Water Associations. *See* Fed. R. App. P. 27(3)(B); D.C. Cir. R. 27(c).

resolution of this case, which **commenced in June 2024**. Water Associations therefore urge the Court to deny Intervenors' requests.[3]

## ARGUMENT

### I.   The Court should deny Intervenors' request to refer Respondents' motion for partial vacatur to the merits panel.

Intervenors request that Respondents' motion for partial vacatur "be referred to the merits panel" for this case. Intervenors' Mot. 5. The Court should deny this request, for at least three reasons.

*First,* Intervenors are incorrect that Respondents' motion for partial vacatur "requires" a ruling from a merits panel. *See id.* at 6; *id.* at 5 ("[T]he Court may not vacate the Index PFAS provisions without ruling on the merits."). This Court possesses the equitable authority to grant an agency's request for voluntary vacatur and remand. *See, e.g.*, *Sierra Club v. EPA*, 705 F.3d 458, 463-66 (D.C. Cir. 2013) (agreeing to vacate and remand concededly flawed portion of rule). Such authority, moreover, is not exercised exclusively by a merits panel. In fact, this Court has often granted motions for vacatur or partial vacatur without referral to a merits panel, including where an agency's error was procedural in nature, and where merits briefing had not yet concluded. *See, e.g.*, Resp't EPA's Unopposed Mot. for

---

[3] Water Associations' response is timely under this Court's most recent briefing schedule order. *See* Order at 2, ECF No. 2147732 (Dec. 1, 2025); *see also* Fed. R. App. P. 27(a)(3)(A).

Voluntary Vacatur and Remand at 1-2, *California v. EPA*, No. 21-1035 (consolidated) (D.C. Cir. Mar. 17, 2021) (explaining that EPA "failed to provide any public notice or opportunity to comment on the central elements" of a Clean Air Act rule, "rendering it unlawful"), *granted*, Order (Apr. 5, 2021); Resp'ts' Unopposed Mot. for Voluntary Remand with Vacatur of Specific Portions of the Rulemaking at Issue, *South Coast Air Quality Mgmt. Dist. v. EPA*, No. 15-1115 (consolidated) (D.C. Cir. July 21, 2016) (filed by EPA before conclusion of merits briefing), *granted*, Order (Aug. 29, 2016).

This remains the case even when a motion for vacatur or partial vacatur is contested. *See* Resp't EPA's Mot. for Voluntary Remand and Partial Vacatur at 3, *Nat. Res. Def. Council v. EPA*, No. 09-1198 (D.C. Cir. June 6, 2013) (seeking vacatur and remand of Clean Air Act regulatory action), *granted*, Order (Aug. 30, 2013); Resp. of Intervenor-Resp't Utility Air Regulatory Group to Resp't's Mot. for Voluntary Remand and Partial Vacatur at 3, *Nat. Res. Def. Council v. EPA*, No. 09-1198 (D.C. Cir. June 20, 2013) ("oppos[ing] as unwarranted and unsupported EPA's additional request for a voluntary vacatur"). *Contra* Intervenors' Mot. 7 (citing that "the issues in EPA's motion are contested" as reason for referral to the merits panel).[4]

---

[4] This Court's decision in *Mexichem Specialty Resins v. EPA*, 787 F.3d 544 (D.C. Cir. 2015), is inapposite. *See* Intervenors' Mot. 6. True, the Court "is not bound to accept" an agency's confession of error. *Mexichem*, 787 F.3d at 557. But the Court

*Second*, Intervenors are mistaken to suggest that the Act's provisions, and this Court's case law interpreting the same, should dissuade the Court from resolving Respondents' motion for partial vacatur without referral to a merits panel. *See* Intervenors' Mot. 6-7. Intervenors point to the Act's anti-backsliding provision, which requires that an EPA revision to a Level "shall maintain, or provide for greater, protection of the health of persons," 42 U.S.C. § 300g-1(b)(9); *see City of Waukesha v. EPA*, 320 F.3d 228, 257 (D.C. Cir. 2003) (interpreting same), and this Court's case law regarding EPA's authority to rescind determinations to regulate, *see Nat. Res. Def. Council v. Regan*, 67 F.4th 397, 404 (D.C. Cir. 2023). But even assuming those considerations affect **EPA's** ability to rescind and reconsider the Index PFAS provisions, they do not likewise restrict **the Court's** authority to vacate. The Court's equitable powers when reviewing agency action are typically thought to be broad and flexible. *See Ford Motor Co. v. NLRB*, 305 U.S. 364, 373 (1939)

---

may nevertheless consider and accept such a confession error, as the previously identified orders demonstrate. *Cf. Glob. Tel\*Link v. FCC*, 866 F.3d 397, 407-08 (D.C. Cir. 2017) (considering agency's "abandon[ment]" of its previous positions when determining whether to apply *Chevron* deference).

The *In re Clean Water Act Rulemaking* litigation is similarly unavailing here. *See* Intervenors' Mot. 6. Neither the Supreme Court's order nor the dissenting opinion addressed the issue of a court's authority to vacate an agency rule absent a decision on the merits. *See generally Louisiana v. Am. Rivers*, 142 S. Ct. 1347 (2022). And the Ninth Circuit's subsequent decision, *see In re Clean Water Act Rulemaking*, 60 F.4th 583 (9th Cir. 2023), is not binding on this Court and, as illustrated previously, runs counter to this Circuit's established practice.

(holding that a federal court reviewing agency action has the equitable authority to "adjust its relief to the exigencies of the case in accordance with the equitable principles governing judicial action"). Furthermore, the statutory restrictions cited by Intervenors have less purchase here because Respondents admit a failure to follow the Act's specific regulatory processes when originally promulgating the Index PFAS provisions. *See* EPA Mot. 1-2, 10-16; Browne Decl. ¶ 3, ECF No. 2134523 (Sept. 11, 2025). It would make little sense for the Court (as Intervenors suggest) to use certain of the Act's provisions, and precedent interpreting the same, to shield EPA's ***admitted*** violation of the Act.[5]

*Third*, Intervenors' "inefficiency" argument is misplaced. *See* Intervenors' Mot. 7-8 (arguing that it would be inefficient for a motions panel to resolve Respondents' motion for partial vacatur and a merits panel to resolve other arguments regarding the Index PFAS provisions of the Rule). In fact, it is

---

[5] To the extent that Intervenors suggest (p. 8) that Respondents' motion for partial vacatur is an attempt to "circumvent[]" "the Act's standard-setting and anti-backsliding provisions," the Court should decline to adopt such a narrative. *Cf. Alaska v. U.S. Dep't of Agric.*, 17 F.4th 1224, 1227 (D.C. Cir. 2021) (explaining that in the context of the voluntary-cessation doctrine, "it would seem inappropriate for the courts … to impute … manipulative conduct to a coordinate branch of government" (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 288 (2000))). And in any case, it is precisely EPA's recognition of those potential hurdles that inform the Agency's request for partial vacatur. *See* EPA Mot. 20-21 (explaining that the standard-setting and anti-backsliding provisions are "particularly problematic where the public lost" the "opportunity[ies]" and "benefit[s]" of the avoided comment periods).

Respondents' requested approach—a voluntary vacatur and remand of the Index
PFAS provisions—that would be more efficient for all involved because it would
allow EPA to "cure [its] own mistakes" in the first instance "rather than wasting the
courts' and parties' resources" arguing over straightforward legal errors that EPA
has already conceded and intends to rectify. *Ethyl Corp. v. Browner*, 989 F.2d 522,
524 (D.C. Cir. 1993); *see also Limnia, Inc. v. Dep't of Energy*, 857 F.3d 379, 386
(D.C. Cir. 2017) (voluntary remand appropriate where "the agency intends to take
further action with respect to the original agency decision on review" (emphasis
omitted)). EPA has already announced its plan to rescind and reconsider the Index
PFAS provisions. *See* PFAS Announcement, *supra*; Unified Agenda, *supra*; EPA
Mot. 1, 8 (confirming same).

Additionally, the Court has so far declined to enter a revised merits briefing
schedule until resolution of Respondents' motion for partial vacatur, despite the
Parties all agreeing to a proposed schedule that would have completed briefing. *See*
Order at 2, ECF No. 2135130 (Sept. 16, 2025) (ordering that "consideration" of
briefing format and schedule beyond that for Respondents' motion for partial vacatur
"be deferred pending further order of the court"). Prompt resolution of Respondents'
motion for partial vacatur via a motions panel would help best ensure that merits
briefing can restart, with the added benefit of narrowing the suite of issues for the
merits panel.

8

In sum, Intervenors have failed to make a compelling case as to why the Court should further delay any resolution in this case by referring Respondents' motion for partial vacatur to the merits panel. Instead, the Court should deny Intervenors' request and, consistent with prior Circuit practice, resolve Respondents' motion without referral to a merits panel. Such an approach would also allow the parties to more effectively and efficiently move forward with merits briefing by disposing of a discrete subset of issues, on which Respondents have already conceded error and which the parties have already thoroughly briefed.

## II.    The Court should deny Intervenors' request for a doubled word count.

In response to Respondents' motion for partial vacatur, Intervenors move for leave to file a revised and expanded merits brief of up to ***18,200 words***—a word count ***double*** that originally ordered by this Court and typically allowed under this Court's rule. *See* Order at 2, ECF No. 207254 (Sept. 3, 2024); D.C. Cir. R. 32(e)(2)(B). Intervenors argue that the expanded brief is necessary to defend on the merits those portions of the Rule that Respondents no longer seek to defend and that EPA intends to rescind and reconsider. *See* Intervenors' Mot. 30. Intervenors, in effect, seek to take the government's place in defending the lawfulness of the portions of the Index PFAS provisions. *See id.* at 34-35 (requesting additional word count to "brief the Index PFAS issues fully in the absence of EPA's arguments" and "respond fully to Petitioners' arguments regarding the Index PFAS provisions").

Intervenors, however, have provided little justification for a **_significantly_** expanded brief. Bluntly, by the completion of this motion briefing, this issue will be briefed within an inch of its life and the Court will be more than equipped to determine whether vacatur of the Index PFAS portion of the Rule is warranted, as all Parties besides the Intervenors now agree it should be. Intervenors' request should be denied.

_First_, Intervenors do not explain precisely why there is a need for **_yet-additional_** briefing on the Index PFAS provisions. Intervenors request an additional 9,100 words for their brief, ostensibly to address the issues related to the Index PFAS provisions. _See_ Intervenors' Mot. 34 (citing need for "a reasonable opportunity to brief the Index PFAS issues fully in the absence of EPA's arguments"). But by Intervenors' own estimation, Petitioners have dedicated "nearly 15,000 words" to the Index PFAS provisions, Respondents dedicated "more than 14,000 words," and Intervenors dedicated "4,632 words." _See id._ at 33-34. In total, that is well over 33,000 words. Not to mention the words that Petitioners, Respondents, and Intervenors have dedicated to issues related to the Index PFAS provisions as part of the briefing for Respondents' motion for partial vacatur. _See_ Intervenors' Mot. 9-18; EPA Mot. 10-19; Water Associations Resp. 12-19; National Association of Manufacturers, American Chemistry Council, and The Chemours Company FC, LLC's Resp. to EPA's Mot. for Partial Vacatur at 2-13, ECF No. 2137406 (Sept. 26,

2025). And Respondents have moved to withdraw only one discrete portion of their proof brief, filed December 23, 2024 (ECF No. 2091318), related to the Index PFAS provisions. *See* EPA Mot. 17 ("EPA withdraws the portion of opening brief in which it asserted the harmless error defense …." (citing EPA Br. at 36-38)).

Word limits exist to "maintain judicial efficiency" by guarding against the submission of additional reading that offers little material benefit for the Court, as well as to "ensure fairness to opposing parties" by maintaining relative parity. *Cf. Corson & Gruman Co. v. NLRB*, 899 F.3d 47, 50 n.4 (D.C. Cir. 1990). Here, Intervenors have not explained why the additional word count (and likely the additional time to submit their expanded brief) would be beneficial to the Court and to the prompt and efficient resolution of this case. Especially so if Intervenors' intent is merely to take the place of Respondents and reiterate the same arguments previously made by Respondents. Intervenors' request also illustrates why it would be more appropriate to resolve Respondents' motion for partial vacatur without referral to the merits panel, given the extensive briefing already submitted.

*Second*, when EPA rescinds and reconsiders the Index PFAS provisions, Petitioners' challenges to those portions of the Rule likely will be rendered moot. *See American Foreign Serv. Ass'n v. Garfinkel*, 490 U.S. 153, 158-59 (1989) (per curiam) (dismissing as moot a case involving a regulation withdrawn by the agency during the case's pendency before the Court); *Friends of Animals v. Bernhardt*, 961

F.3d 1197, 1203 (D.C. Cir. 2020) ("[T]he government's abandonment of a challenged regulation is just the sort of development that can moot an issue."); *Nat'l Mining Ass'n v. U.S. Dep't of Interior*, 251 F.3d 1007, 1010-12 (D.C. Cir. 2001) (holding moot challenge to regulations superseded by subsequent regulations). And if Intervenors are aggrieved by EPA's recission action (or a related follow-on regulatory action), and have Article III standing, then they will be free to challenge that separate action, including on grounds relating to the bounds and contours of EPA's regulatory authority under relevant law.

But the possibility that Intervenors may be dissatisfied with EPA's recission action—the precise contours of which cannot be known at this present juncture—or any potential follow-on action regarding PFNA, PFHxS, HFPO-DA, and/or the Index PFAS does not justify continued defense on the merits by Intervenors in ***this*** case. The case at hand concerns, in relevant part, whether EPA lawfully exercised its authority under the Act to promulgate the Index PFAS provisions. Petitioners contended that EPA had not. Respondents now agree and are pressing forward with action to rescind and reconsider them. *See* EPA Mot. 1 ("EPA agrees with petitioners that parts of the rulemaking process were unlawful and parts of the Rule are thus invalid."); PFAS Announcement, *supra*; Unified Agenda, *supra*. There is no need or basis for Intervenors to continue to "defend[]" on the merits "those aspects of the Rule" being reconsidered by the Agency. Intervenors' Mot. 32.

12

Intervenors' argument for an expanded brief in order to "brief the Index PFAS issues fully" and "defend[] those aspects of the Rule" on the merits, *id.* at 32, 34, is effectively a pursuit of an advisory opinion from this Court. Intervenors disagree with Respondents' current view regarding the lawfulness of the regulatory process to promulgate the Index PFAS provisions. *See* Intervenors' Mot. 9-18. But courts are not in the business of issuing advisory opinions on soon-to-be inoperative regulatory actions merely to develop the law, as Intervenors seem to want. *See Akiachak Native Cmty. v. U.S. Dep't of Interior*, 827 F.3d 100, 106 (D.C. Cir. 2016) (explaining that because the challenged regulation "no longer exists," any relief would "amount[] to exactly the type of advisory opinion Article III prohibits" (citation omitted)); *Nat'l Mining Ass'n*, 251 F.3d at 1011 ("Any opinion regarding the former rules," which had been superseded by regulation, "would be merely advisory."); *see also Wyoming v. U.S. Dep't of Interior*, 587 F.3d 1245, 1253 (10th Cir. 2009) (Gorsuch, J.) ("Any ruling on [a superseded rulemaking] could only constitute a textbook example of advising what the law would be upon a hypothetical state of facts rather than upon an actual case or controversy as requited by Article III of the Constitution." (internal quotation marks and citation omitted)).

The authorities upon which Intervenors rely to justify their desire of a continued merits defense are inapposite. *See* Intervenors' Mot. 30 n.6. In *Global Tel\*Link v. FCC*, 866 F.3d 397 (D.C. Cir. 2017), the agency "ha[d] made clear that

13

the agency will not defend portions" of the challenged agency action, yet "ha[d] never acted to revoke, withdraw, or suspend" the agency action. 866 F.3d at 407. Counsel for the agency in *Global Tel*Link* had only gone so far as to inform the Court that they were "abandoning" and were "not authorized to defend" certain portions of the agency's merits brief. *See* Letter from David M. Gossett, Deputy Gen. Couns., FCC, to Mark J. Langer, Clerk, U.S. Court of Appeals for the D.C. Circuit, at 1-2, *Global Tel*Link v. FCC*, No. 15-1461 (D.C. Cir. Jan. 31, 2017). Here, by contrast, and as explained above, Respondent EPA has stated to this Court its intention to no longer to defend the Index PFAS provisions ***and*** has publicly announced that it will rescind and reconsider the same. *See* EPA Mot. 1, 8; Browne Decl. ¶ 3; PFAS Announcement, *supra*; Unified Agenda, *supra*. Respondents, moreover, have taken the additional step of moving for vacatur of those portions of the Rule. *See* EPA Mot. 3, 22. Those steps go far beyond those taken by the agency in *Global Tel*Link* and caution against continued judicial intervention. *See Nat'l Wildlife Fed'n v. Hodel*, 839 F.2d 694, 742 (D.C. Cir. 1988) (where the agency "suspended" its regulations and "announced [the] intent to propose new regulations," it would be "entirely inappropriate for this court to … issue an advisory opinion to guide the [agency]'s rulemaking").[6]

---

[6] *Global Tel*Link* also specifically concerned the heightened voluntary-cessation standard for mootness. 866 F.3d at 406-07. As an initial matter, mootness is not yet an issue because EPA has not concluded its planned recission and reconsideration

*National Wildlife Federation v. Lujan*, 928 F.2d 453 (D.C. Cir. 1991), and

*West Virginia v. EPA*, 142 S. Ct. 2587 (2022), are likewise distinguishable and off-

point. The former decision concerned a non-governmental intervenor appealing from

a district court's final decision on the merits invalidating an agency's regulations,

even though the government declined to appeal and instead "complied with the

district court's order." *Nat'l Wildlife Fed'n*, 928 F.2d at 455, 457 & n.2. But here,

by contrast, Intervenors' request is coming midstream (rather than as an appeal of a

final decision on the merits) and stands diametrically opposed to Respondents'

current litigation posture. Intervenors thus stand in a materially different position

than the intervenor in *National Wildlife Federation*, one that cautions against a

continued defense on the merits. The latter decision concerned a situation where

although the agency stated that it would not enforce and would eventually replace a

regulation, the agency nevertheless "vigorously defend[ed]" the legality of the

───────────────

action yet. But even if the standard were relevant in theory, it is inapplicable in this case. The voluntary-cessation standard is "grounded in concerns that a party may be manipulating the judicial process through the false pretense of singlehandedly ending a dispute." *Pub. Citizen, Inc. v. FERC*, 92 F.4th 1124, 1128 (D.C. Cir. 2024) (internal quotation marks and citation omitted). It is inapplicable "when the facts do not suggest any arguable manipulation of our jurisdiction." *Id.* (internal quotation marks and citation omitted); *see also Alaska*, 17 F.4th at 1229 ("The established law of this circuit is that the voluntary cessation exception to mootness has no play when the agency did not act in order to avoid litigation." (internal quotation marks and citations omitted)). Here, there is no suggestion that Respondents are working to rescind and reconsider the Index PFAS provisions in order to manipulate this Court's review, and Intervenors have not suggested otherwise.

challenged regulation. *West Virginia*, 142 S. Ct. at 2607. That is not the case here, where EPA has acknowledged the legal error of its approach to the Index PFAS provisions. *See* EPA Mot. 1-2, 10-16.

At bottom, Intervenors are dissatisfied with EPA's choice of how to defend its own Rule. No intervenor is ever guaranteed that the party it is supporting will brief the issues just as it would like, and this Court does not hand out additional word counts each time an intervenor is displeased with the defense of issues it cares about.

## CONCLUSION

The Court should deny Intervenors' motion and their request for (1) Respondents' motion for partial vacatur to the be referred to the merits panel and (2) a revised and expanded brief of up to 18,200 words.

Date: December 3, 2025                    Respectfully submitted,

*/s/ Corinne V. Snow*

Corinne V. Snow
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington DC 20037
csnow@velaw.com
Phone:  (202) 639-6622
Fax:  (917) 879-8998

*Counsel for Petitioners American Water Works Association and Association of Metropolitan Water Agencies*
*(Case No. 24-1188)*

17

## CERTIFICATE OF COMPLIANCE

1.    This response complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2) and D.C. Circuit Rule 27(c) because it contains 3,959 words, excluding the parts exempted by Federal Rules of Appellate Procedure 32(f) and 27(d)(2).

2.    This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

 Date: December 3, 2025              */s/ Corinne V. Snow*

                                    Corinne V. Snow
                                    VINSON & ELKINS LLP
                                    2200 Pennsylvania Avenue NW
                                    Suite 500 West
                                    Washington DC 20037
                                    csnow@velaw.com
                                    Phone:  (202) 639-6622
                                    Fax:  (917) 879-8998

                                    *Counsel for Petitioners American Water Works Association and Association of Metropolitan Water Agencies (Case No. 24-1188)*

18

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Appellate Procedure 25, I hereby certify that on December 3, 2025, I electronically filed the foregoing document with the Clerk of the Court for the U.S. Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system, and served copies of the foregoing via the Court's CM/ECF system on all ECF-registered counsel.


Date: December 3, 2025                    */s/  Corinne V. Snow*

Corinne V. Snow
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington DC 20037
csnow@velaw.com
Phone:  (202) 639-6622
Fax:  (917) 879-8998

*Counsel for Petitioners American Water Works Association and Association of Metropolitan Water Agencies (Case No. 24-1188)*

19