Oral Argument Not Yet Scheduled
Nos. 24-1188 (lead), 24-1191, 24-1192

# In the United States Court of Appeals for the District of Columbia Circuit

---

National Association of Manufacturers
& American Chemistry Council, *Petitioners*,

v.

U.S. Environmental Protection Agency & Lee Zeldin,
*in his official capacity as EPA Administrator*, *Respondents.*

---

The Chemours Company FC, LLC, *Petitioner*,

v.

U.S. Environmental Protection Agency & Lee Zeldin,
*in his official capacity as EPA Administrator*, *Respondents.*

---

On Petition for Review of a Final Rule of the Environmental Protection Agency, 89 Fed. Reg. 32,532 (Apr. 26, 2024)

---

## NATIONAL ASSOCIATION OF MANUFACTURERS AND AMERICAN CHEMISTRY COUNCIL'S OPPOSITION TO INTERVENORS' MOTION FOR LEAVE TO FILE A REVISED AND EXPANDED BRIEF

---

Michael B. Kimberly
Winston & Strawn llp
1901 K Street NW
Washington, DC 20006
(202) 282-5096
mkimberly@winston.com

Gordon D. Todd
Tobias S. Loss-Eaton
Cody M. Akins
Sidley Austin llp
1501 K Street, NW
Washington, DC 20005
202.736.8000
tlosseaton@sidley.com

*Counsel for Petitioners in No. 24-1191*

# ARGUMENT

Intervenors seek leave to file a revised and expanded brief so they may fill gaps supposedly created by EPA abandoning arguments in a brief that will remain on the docket. The Court should deny that request. There is no reason to further delay briefing just so Intervenors can repeat arguments already before the Court—and certainly no reason to grant Intervenors twice as many words based on the happenstance of EPA's changed position.

## I. The Court should deny Intervenors' request to file a revised brief.

A. Intervenors have no good reason to file a revised brief. They offer just one justification: they relied on EPA's original position in drafting their brief, and EPA has since changed its position, so a revised brief would "allow Intervenors a reasonable opportunity to brief the Index PFAS issues fully in the absence of EPA's arguments." Intervenors' Opp. (Document #2137412) 30–34.

But EPA's arguments are not "absen[t]." EPA's brief is still on the docket (at #2091318). And there is no reason to expect that to change. EPA has stated that it will "identify those portions of its previously filed brief that it no longer advances," EPA Mot. to Vacate (Doc. #2134523) 22,

1

but the agency has not moved for leave to file a revised brief or to strike any part of its existing brief. Absent such a motion, EPA may not make any substantive changes to its proof brief. Fed. R. App. P. 30(c)(2)(B).

Intervenors' request for leave makes even less sense in light of their insistence that the merits panel resolve EPA's motion to vacate. Intervenors' Opp. 5. If EPA's motion is referred to the merits panel, the panel will have the benefit of *all* the materials currently in the record, including EPA's merits brief, Intervenors' merits brief, and Intervenors' 20-page defense of the Index PFAS aspects of the rule set out in their opposition to EPA's vacatur motion. *See* Intervenors' Opp. 9–29. Intervenors do not need yet another brief—let alone a double-length one—to repeat arguments already made.

**B.**   Granting Intervenors leave to file a revised brief would also prejudice petitioners. Briefing in this case was initially slated to finish over six months ago. *See* Briefing Order (Document #2072754), at 2. While some delay has been necessary as EPA reconsidered its position, the time for regulatory certainty has come. Intervenors should not be permitted to needlessly draw out an already-delayed briefing schedule.

## II. In the alternative, the Court should deny Intervenors' request for additional words.

At minimum, the Court should deny Intervenors' request for additional words for their revised brief. Intervenors insist (at 34) that they need more words now so that they can "brief the Index PFAS issues fully in the absence of EPA's arguments." But if EPA had chosen not to defend the Index PFAS issues from the very beginning, Intervenors would have had to make the same choices about how many words to dedicate to which issues. Intervenors shouldn't get a longer brief just because EPA took its current position later. And again, if the vacatur motion is referred to the merits panel, the Court will have the benefit of all existing briefing and motion papers. Still more pages are not needed.

Intervenors also claim (at 34) that filing a double-length brief would maintain the "standard ratio" between word limits of the parties' and an intervenor's brief because petitioners filed two full-length opening briefs and EPA filed a double-length brief. But absent agreement by the parties, having two full-length petitioner briefs, a double-length respondent brief, and a regular-length intervenor brief *is* the "standard" in consolidated agency cases in this Court. *See, e.g.*, Briefing Order (Document #2073084), *Texas v. EPA*, No. 24-1054; Briefing Order (Document

3

#2004070), *U.S. Sugar Corp. v. EPA*, No. 22-1271. Intervenors offer no good reason to deviate from that norm here.

## CONCLUSION

The Court should deny Intervenors leave to file a revised brief, or at minimum deny their request to file an overlength brief.

Respectfully submitted,

/s/ *Tobias S. Loss-Eaton*

| | |
|---|---|
| Michael B. Kimberly | Gordon D. Todd |
| WINSTON & STRAWN LLP | Tobias S. Loss-Eaton |
| 1901 K Street NW | Cody M. Akins |
| Washington, DC 20006 | SIDLEY AUSTIN LLP |
| (202) 282-5096 | 1501 K Street, NW |
| mkimberly@winston.com | Washington, DC 20005 |
| | 202.736.8000 |
| | tlosseaton@sidley.com |

*Counsel for Petitioners in No. 24-1191*

4

## CERTIFICATE OF COMPLIANCE

This opposition complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font. The opposition complies with Rule 27(d)(2) because it contains 673 words, excluding the sections listed in Rule 32(f).

## CERTIFICATE OF SERVICE

I certify that on December 3, 2025, a copy of this opposition was electronically filed with the Clerk of the Court using the CM/ECF System, which will notify all registered CM/ECF users.

<u>*/s/ Tobias S. Loss-Eaton*</u>
Tobias S. Loss-Eaton
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
(202) 736-8427
tlosseaton@sidley.com