**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| AMERICAN WATER WORKS ASSOCIATION and ASSOCIATION OF METROPOLITAN WATER AGENCIES,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, and LEE M. ZELDIN, in his official capacity as Administrator, United States Environmental Protection Agency,<br><br>Respondents. | Lead Case No. 24-1188<br><br>consolidated with<br>Nos. 24-1191, 24-1192 |

**RESPONDENT-INTERVENORS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE A REVISED AND EXPANDED BRIEF**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................ii

GLOSSARY ........................................................................................................iii

INTRODUCTION ................................................................................................1

ARGUMENT ........................................................................................................2

    I.    The Court Should Disregard Utility Petitioners' Improper Reply to Intervenors' Opposition to EPA's Motion ....................................................2

    II.    The Court Should Allow Intervenors a Revised and Expanded Brief to Avoid Prejudice from EPA's Changed Position and Ensure Complete Briefing ..........................................................................................................3

        A.    A Revised Brief is Necessary to Avoid Prejudice to Intervenors ................................................................................................4

        B.    EPA's Changed Position Justifies Increasing Intervenors' Word Limit ........................................................................................................6

    III.    EPA's Plan to Rescind or Reconsider the Index PFAS Provisions in a Future Rulemaking Does Not Justify Denying Intervenors' Motion............8

    IV.    Petitioners' Delay Argument Is Not Persuasive .........................................10

CONCLUSION ..................................................................................................12

CERTIFICATE OF COMPLIANCE ................................................................13

CERTIFICATE OF SERVICE ..........................................................................14

# TABLE OF AUTHORITIES

**Cases**

*CSI Aviation Servs. v. U.S. Dep't of Transp.*,
  637 F.3d 408 (D.C. Cir. 2011)...................................................................9

*Glob. Tel*Link v. FCC*,
  866 F.3d 397 (D.C. Cir. 2017)...................................................................9

*Me. Lobstermen's Ass'n v. NMFS*,
  70 F.4th 582 (D.C. Cir. 2023) ...................................................................9

*Nat'l Ass'n of Mfrs. v. Dep't of Def.*,
  583 U.S. 109 (2018).....................................................................................9

*Sierra Club v. U.S. Dep't of Transp.*,
  125 F.4th 1170 (D.C. Cir. 2025)................................................................9

**Other Authorities**

D.C. Cir. *Handbook of Prac. & Internal Procs*. (Dec. 4, 2025)................................6

D.C. Cir. R. 28(d)(2) .......................................................................................4

Federal Rule of Appellate Procedure 30(c)(2)(B)......................................................5

## GLOSSARY

| | |
|---|---|
| EPA or the agency | Environmental Protection Agency |
| HFPO-DA | Hexafluoropropylene oxide dimer acid |
| Index PFAS | HFPO-DA, PFBS, PFHxS, and PFNA |
| Index PFAS provisions | Determinations to regulate and maximum contaminant levels for HFPO-DA, PFBS, PFHxS, and PFNA |
| Industry Petitioners | National Association of Manufacturers and American Chemistry Council |
| PFAS | Per- and polyfluoroalkyl substances |
| PFBS | Perfluorobutane sulfonic acid |
| PFHxS | Perfluorohexane sulfonic acid |
| PFNA | Perfluorononanoic acid |
| PFOA | Perfluorooctanoic acid |
| PFOS | Perfluorooctane sulfonic acid |
| Rule | PFAS National Primary Drinking Water Regulation, 89 Fed. Reg. 32,532 (Apr. 26, 2024) |
| Standard | Maximum contaminant level |
| Utility Petitioners | American Water Works Association and Association of Metropolitan Water Agencies |

## INTRODUCTION

Respondent-Intervenors Buxmont Coalition for Safe Water et al. and Natural Resources Defense Council (collectively, "Intervenors") submit this reply supporting their motion for leave to file a revised and expanded brief, which arises from respondent EPA's decision to abandon—midway through merits briefing—EPA's defense of key portions of the challenged Rule. *See* Resp't-Intervenors' Opp'n to EPA's Mot. for Partial Vacatur & Resp't-Intervenors' Mot. for Leave to File a Revised & Expanded Br., Dkt. No. 2137412 ("Intervenors' Mot."). Specifically, EPA abandoned its defense of its determinations to regulate and its enforceable drinking water Standards for the toxic chemicals HFPO-DA, PFBS, PFHxS, and PFNA (the "Index PFAS provisions"). Resp'ts' Mot. for Partial Vacatur, Dkt. No. 2134523 ("EPA Mot.").

Intervenors are not seeking a revised and expanded brief because EPA failed to "brief the [Index PFAS] issues just as [Intervenors] would like." Resp. of Pet'rs Am. Water Works Ass'n et al. to Resp't-Intervenors' Mot. for Leave 16, Dkt. No. 2148506 ("Utility Opp'n"). To the contrary, Intervenors are responding to EPA's announcement—after Intervenors filed their merits brief adopting and extensively cross-referencing EPA's brief—that EPA is no longer defending the Index PFAS provisions *at all* and is joining Petitioners in asking the Court to vacate those provisions, making EPA adverse to Intervenors regarding those provisions. Under

1

these unusual circumstances, a revised and expanded brief is necessary to avoid undue prejudice to Intervenors and provide the Court complete and coherent briefing. Further, EPA's announcement that it intends to pursue future rulemaking to rescind or reconsider the Index PFAS provisions provides no basis for denying Intervenors' request for a revised and expanded brief to defend regulations that remain in effect. And granting Intervenors' request would not unduly delay this litigation.

## ARGUMENT

I. **The Court Should Disregard Utility Petitioners' Improper Reply to Intervenors' Opposition to EPA's Motion**

At the outset, the Court should disregard Utility Petitioners' improper reply to Intervenors' argument that the merits panel should resolve EPA's motion to vacate the Index PFAS provisions. *See* Utility Opp'n 4-9. Intervenors' argument is not "a request for affirmative relief." *Contra id*. at 3 n.2. It responded to EPA's request that the Court rule on EPA's vacatur motion before resolving other merits issues, and Intervenors clearly identified their "Motion for Leave to File a Revised and Expanded Brief" as their only request for affirmative relief. *See generally* Intervenors' Mot. The Court should not indulge Utility Petitioners' attempt to secure an improper reply to Intervenors' opposition to EPA's motion.

Regardless, Utility Petitioners' arguments lack merit. While Intervenors agree that a motions or merits panel has authority to resolve EPA's motion, it is speculative that resolution by a motions panel would meaningfully "narrow[] the suite of issues for the merits panel." Utility Opp'n 8. If a motions panel considers and denies EPA's motion, which addresses only the alleged procedural error in EPA's promulgation of the Index PFAS provisions, then Petitioners' extensive record-based challenges to the same provisions would remain for the merits panel. Even assuming a motions panel grants EPA's motion, substantial merits issues concerning the Rule's Standards for PFOA and PFOS will remain. Petitioners' and EPA's bid to bifurcate adjudication of the merits would therefore require the Court to engage twice with merits challenges to the complex Rule at issue, an inefficiency that would be avoided by referring EPA's motion to the merits panel. *See* Intervenors' Mot. 7-8.

II.  **The Court Should Allow Intervenors a Revised and Expanded Brief to Avoid Prejudice from EPA's Changed Position and Ensure Complete Briefing**

EPA's changed position on the Index PFAS provisions, which occurred after EPA filed its proof brief defending the Rule in full but before filing of final briefs, justifies granting Intervenors a revised brief with an expanded word limit.

### A. A Revised Brief is Necessary to Avoid Prejudice to Intervenors

A revised Intervenors' brief is necessary to mitigate prejudice to Intervenors from EPA's abandoning its defense of the Index PFAS provisions midstream. Intervenors adopted EPA's proof brief in full, cross-referenced it extensively, and rested entirely on EPA's arguments for some issues to comply with this Court's rules. *See* Intervenors' Mot. 31-34; D.C. Cir. R. 28(d)(2) (requiring Intervenors to avoid repetition of EPA's brief). Intervenors are not "merely … dissatisfied with how Respondents have chosen to defend their own Rule." Utility Opp'n 1. EPA's reversal of position makes Intervenors newly adverse to EPA on the Index PFAS claims. Because Intervenors' proof brief reasonably relied on and cross-referenced the Index PFAS arguments in EPA's proof brief, *see* Intervenors' Mot. 31-32, EPA's change of position prior to the filing of final briefs justifies giving Intervenors an opportunity to refile their brief without reliance on EPA's now-abandoned arguments.

Notably, EPA does not oppose a revised Intervenors' brief without an expanded word limit, acknowledging that Intervenors' "original brief may refer to portions of EPA's initial brief that the Agency may withdraw." Resp'ts' Combined Reply in Supp. of Partial Vacatur & Opp'n to Intervenors' Mot. 23-24, Dkt. No. 2148446 ("EPA Opp'n"). This indicates that EPA plans, or wants the option, to seek leave to omit portions of its brief.

4

Indeed, EPA's declaration that "EPA no longer seeks to defend the portions of the rule regarding" the Index PFAS, Browne Decl. ¶ 3, Dkt. No. 2134523, suggests that EPA will seek to omit from its final brief all arguments defending the Index PFAS provisions, not only those addressing the alleged procedural error in their promulgation. EPA cryptically offers to "identify those portions of its previously filed brief it no longer advances at an appropriate time," EPA Mot. 22, without specifying when or how EPA will do so. However, it would be highly unusual for a party to file and sign a brief containing arguments that the party now asserts are erroneous or advancing positions the party no longer defends. Accordingly, if EPA's partial vacatur motion is not granted in full, the logical expectation is that EPA will seek to omit all Index PFAS arguments from its final brief.[1]

EPA has had multiple opportunities to clarify its intentions for its final brief but continues to dodge the question. As it stands, EPA could request to omit portions of its brief at any time, including after reply briefs are filed. There will be less delay and disruption to the merits briefing schedule if Intervenors are permitted to file a revised and expanded brief before reply briefs are due. That way,

---

[1] EPA's opposition conspicuously ignores Federal Rule of Appellate Procedure 30(c)(2)(B), which prohibits substantive changes to final briefs, *see* EPA Opp'n 23-24, implying that EPA wants to preserve the option to seek to change its final brief. *Contra* Nat'l Ass'n of Mfrs. et al. Opp'n to Intervenors' Mot. 1-2, Dkt. No. 2148510 ("Industry Opp'n").

5

any late-breaking omissions from EPA's final brief would not prejudice Intervenors or Petitioners or require additional rebriefing.

### B. EPA's Changed Position Justifies Increasing Intervenors' Word Limit

EPA's changed position justifies granting Intervenors a substantially expanded word limit to account for the new adversity between EPA and Intervenors, which did not exist when briefing formats were initially established. Petitioners sought and received two full-length opening briefs, which they justified based on the Utility and Industry Petitioners' actual or potential adversity in other cases.[2] J. Mot. to Est. Br. Format and Schedule 5, 9, Dkt. No. 2070570. All parties understood that EPA and Intervenors were fully aligned and accordingly proposed a standard-length intervenors' brief. *Id.* at 8-9, 13, 16. Given the requested length of other parties' briefs, Intervenors would not have agreed to a 9,100-word brief if they had not been fully aligned with EPA at that time. The adversity rationale that justified Petitioners' separate, full-length briefs now favors giving Intervenors an expanded word limit to account for the adversity between Intervenors and EPA.

---

[2] The Court does not routinely allow petitioners in consolidated cases to file multiple full-length briefs unless joining a single brief or sharing a reduced total word limit is infeasible. *See, e.g.*, J. Mot. to Est. Br. Format and Schedule 14 (citing examples); D.C. Cir. *Handbook of Prac. & Internal Procs*. 38 (Dec. 4, 2025) (explaining "Parties with common interests in consolidated or joint appeals must join in a single brief where feasible"); *contra* Industry Opp'n 3-4.

6

In addition to mitigating prejudice to Intervenors, expanding Intervenors' word limit would benefit the Court by ensuring complete briefing on all contested issues. Petitioners' claims regarding the Index PFAS provisions include "highly technical record-based challenges to the appropriateness of EPA's decisions." EPA Opp'n 1. Nevertheless, EPA and Petitioners unrealistically insist that Intervenors can respond fully in 9,100 words to Petitioners' 26,000-word opening briefs despite EPA's changed position. *See id.* at 23-24; Industry Opp'n 3; Utility Opp'n 16. Their unbalanced approach makes no effort to ensure complete briefing if some or all Index PFAS claims remain for resolution by a merits panel.[3]

Even if the Court concludes further briefing is unnecessary for the procedural issue raised in EPA's motion, *see* Utility Opp'n 10, Intervenors' word limit nevertheless should be expanded to address fully all record-based Index PFAS arguments. Petitioners' opening briefs used over 7,600 words for record-based Index PFAS arguments and EPA responded using over 9,700 words in its

---

[3] Utility Petitioners do not consider the possibility that Index PFAS issues may remain for the merits panel, ignore the distinction between the procedural issue raised in EPA's motion and the numerous record-based Index PFAS claims Petitioners raise, and ignore the likelihood that EPA may seek to omit Index PFAS arguments from its final brief. *See* Utility Opp'n 10-11 (arguing the Court should resolve all Index PFAS issues now without further briefing); *cf.* EPA Opp'n 3-4 (emphasizing that EPA's motion raises only a threshold procedural question).

proof brief.[4] *See* Intervenors' Mot. 32-33. To ensure complete briefing, Intervenors' existing record-based Index PFAS arguments of about 2,370 words should be expanded by about 7,400 words to approximate the length that EPA judged necessary for these issues, yielding a brief with a total length of about 16,500 words. *See id.*

### III. EPA's Plan to Rescind or Reconsider the Index PFAS Provisions in a Future Rulemaking Does Not Justify Denying Intervenors' Motion

Utility Petitioners concede that the challenges to the Index PFAS provisions are not moot because EPA has not rescinded those provisions. Utility Opp'n 14 n.6. Yet they illogically argue the Court should deny Intervenors the opportunity to respond fully to those challenges by speculating that the Index PFAS provisions "*likely* will be rendered moot" sometime "soon[]," "when EPA rescinds and reconsiders" them. *Id.* at 11, 13 (emphasis added).

There is "absolutely no basis" for concluding that a challenge to agency action is moot because the agency abandons its defense of that action, so long as

---

[4] EPA's brief includes over 9,700 words for record-based Index PFAS arguments. *See* Intervenors' Mot. 32-33. That does not cover additional arguments, such as those addressing EPA's analyses of the Rule's costs and benefits, that apply to both the Index PFAS provisions that EPA no longer defends and the PFOA and PFOS provisions that EPA continues to defend. *See* Resp'ts' Proof Br. 95-119, Dkt. No. 2091318. If EPA abandons some or all of its economic analysis arguments, that would justify granting even more words to Intervenors to ensure complete briefing of all contested issues.

8

the action "is still in force." *Glob. Tel\*Link v. FCC*, 866 F.3d 397, 407 (D.C. Cir. 2017). This is true even if the agency publishes a proposed rule superseding the challenged rule and a final rule suspending the challenged rule's effectiveness while the new rulemaking plays out. *Sierra Club v. U.S. Dep't of Transp.*, 125 F.4th 1170, 1178-80 (D.C. Cir. 2025). Regardless of how far the agency has progressed toward rescinding or modifying the challenged action, "[a] future plan does not moot present claims." *Me. Lobstermen's Ass'n v. NMFS*, 70 F.4th 582, 594 (D.C. Cir. 2023); *see also CSI Aviation Servs. v. U.S. Dep't of Transp.*, 637 F.3d 408, 414 (D.C. Cir. 2011) (rejecting agency's argument that its "plans to hold a rulemaking" mooted claim (quotation omitted)).

Here, EPA has not even proposed regulatory changes to the Index PFAS provisions. Because those provisions "remain[] on the books for now, the parties retain a concrete interest in the outcome of this litigation" and the challenges to those provisions are not moot. *Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 583 U.S. 109, 120 n.5 (2018) (quotations omitted). Utility Petitioners' argument that a ruling on the legality of the still-operative Index PFAS provisions would constitute an impermissible "advisory opinion" is spurious and rests on inapposite authority concerning challenges to *former* regulations. Utility Opp'n 13-14.

Moreover, the facts contradict Utility Petitioners' contention that EPA will soon rescind the Index PFAS provisions. *Contra id.* at 13. EPA has only issued a

9

press release announcing its intent to rescind the Index PFAS Standards and *reconsider*—not necessarily rescind—its determinations to regulate the Index PFAS and noted those plans in EPA's nonbinding regulatory agenda. *See id.* at 2, 12. Moreover, EPA admits that it lacks statutory authority to rescind or weaken the Index PFAS provisions absent a judicial ruling that those provisions are unlawful, signaling that EPA likely will await this Court's decision before taking regulatory action. EPA Mot. 20-21.

Accordingly, Utility Petitioners' speculation that the Index PFAS challenges will be mooted provides no basis for denying Intervenors—the only parties defending those provisions—a full and fair opportunity to respond to those challenges.[5]

## IV. Petitioners' Delay Argument Is Not Persuasive

Petitioners' argument that the Court should deny Intervenors' request for a revised and expanded brief because "[t]his case has already been delayed far too long," Utility Opp'n 1, is not persuasive. *See also id.* at 3-4, 9; Industry Opp'n 1-2.

---

[5] Although Utility Petitioners opaquely assert that the posture of this case "cautions against" allowing Intervenors to continue defending the Index PFAS provisions, Utility Opp'n 15, Utility Petitioners do not seriously dispute that Intervenors have party status and are entitled to defend the Index PFAS provisions regardless of EPA's changed position, *see* Intervenors' Mot. 30 n.6.

10

First, Petitioners acquiesced in the delays of which they now complain, agreeing to more than five months of abeyances to allow new EPA leadership to review and consider further administrative action concerning the challenged Rule. *See* Unopposed Mot. to Hold Case in Abeyance, Dkt. No. 2099439; Unopposed Mot. to Continue Abeyance, Dkt. No. 2109880; Unopposed Mot. to Continue Abeyance, Dkt. No. 2115469; Unopposed Mot. to Continue Abeyance, Dkt. No. 2119087. Petitioners also acquiesced in a further abeyance when appropriations lapsed in October. Unopposed Mot. for Stay of Proceedings, Dkt. No. 2138110. Moreover, the procedure Utility Petitioners now support—bifurcating resolution of the merits between a motions panel and a merits panel—would cause substantial additional delay in resolving this case.

Second, Petitioners' argument ignores that they will not have "regulatory certainty" until this case is fully resolved, including both the Index PFAS claims and challenges to the Standards for PFOA and PFOS, which are not at issue in EPA's partial vacatur motion. Industry Opp'n 2; *cf.* EPA Opp'n 22-23 (stating that most water systems that EPA estimates exceed the Index PFAS Standards also exceed the Standards for PFOA or PFOS). Allowing one additional brief before Petitioners file their reply briefs would aid the Court's ultimate resolution of this case without adding meaningful delay.

## CONCLUSION

For the foregoing reasons, the Court should grant Intervenors leave to file a revised brief of up to 18,200 words. Alternatively, if the Court concludes further briefing on the procedural issue raised in EPA's motion is unnecessary, the Court should grant Intervenors leave to file a revised brief of up to 16,500 words.

DATED: December 17, 2025

/s/Katherine K. O'Brien
KATHERINE K. O'BRIEN
Earthjustice
P.O. Box 2297
South Portland, Maine 04116
(212) 284-8036
kobrien@earthjustice.org

SUZANNE NOVAK
HILLARY AIDUN
Earthjustice
48 Wall St., 15th floor
New York, New York 10005
(212) 823-4981
(212) 284-8040
snovak@earthjustice.org
haidun@earthjustice.org

*Counsel for Buxmont Coalition for Safe Water, Clean Cape Fear, Clean Haw River, Concerned Citizens of WMEL Water Authority Grassroots, Environmental Justice Task Force, Fight for Zero, Merrimack Citizens for Clean Water, and Newburgh Clean Water Project*

Respectfully submitted,

/s/Jared J. Thompson
JARED J. THOMPSON
Natural Resources Defense Council
40 West 20th Street
New York, NY 10011
(202) 513-6249
jared.thompson@nrdc.org

KAREN CHEN
Natural Resources Defense Council
111 Sutter Street, 21st Floor
San Francisco, CA 94104
(415) 875-8261
kchen@nrdc.org

*Counsel for Natural Resources Defense Council*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing reply complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(C) and D.C. Circuit Rule 27(c) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) and D.C. Circuit Rule 32(e)(1), it contains 2,594 words. This document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was composed in Times New Roman font, 14-point.

DATED: December 17, 2025

*/s/Katherine K. O'Brien*
KATHERINE K. O'BRIEN
Earthjustice
P.O. Box 2297
South Portland, Maine 04116
(212) 284-8036
kobrien@earthjustice.org

## CERTIFICATE OF SERVICE

I certify that on this 17th day of December, 2025, the foregoing document was filed with the electronic case filing (ECF) system of the U.S. Court of Appeals for the D.C. Circuit, which will provide electronic notice to all counsel of record.

DATED: December 17, 2025

<u>/s/Katherine K. O'Brien</u>
Katherine K. O'Brien
Earthjustice
P.O. Box 2297
South Portland, ME 04117
(212) 284-8036
kobrien@earthjustice.org