# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| NATIONAL ASSOCIATION OF MANUFACTURERS, et al., <br><br> Petitioners, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY et al., <br><br> Respondents. | Nos. 24-1188 (lead), <br> 24-1191, 24-1192 |

## INDUSTRY PETITIONERS' MOTION FOR LEAVE TO FILE REPLY BRIEF EXCEEDING THE WORD LIMIT

Petitioners National Association of Manufacturers, American Chemistry Council, and the Chemours Company FC, LLC (Industry Petitioners) respectfully seek leave to file a reply brief exceeding the default word limit by 2,000 words. This relief is appropriate given the significant amount of briefing to date on complex and wide-ranging issues, plus the motions practice on vacatur that remains largely unaddressed. Respondents and Respondent-Intervenors oppose this motion. Petitioners American Water Works Association and Association of Metropolitan Water Agencies (Utility Petitioners) do not oppose.

1. This litigation involves three consolidated petitions for review challenging EPA's final rule titled *PFAS National Primary Drinking Water Regulation*, 89 Fed. Reg. 32,532 (Apr. 26, 2024). As all petitioners, EPA, and Respondent-Intervenors agree, this case is "complex" given "the breadth of issues in question and the technical nature of many of those issues." Doc. 2070570 at 3.

2. In September 2024, the Court entered a briefing schedule calling for two opening briefs, one from Utility Petitioners and one from Industry Petitioners; two briefs in response, one from Respondents and another from Respondent-Intervenors; and reply briefs from each set of petitioners. *See* Doc. 2072754.

3. The briefing so far reflects the complex and wide-ranging issues that the parties anticipated. The opening briefs spanned 60 and 57 pages, respectively. *See* Doc. 2078731; Doc. 2078734. Since then, EPA has filed a 122-page response, *see* Doc. 2091318, and Respondent-Intervenors have "supplement[ed]" that response with a 47-page one of their own. Doc. 2094834.

4. In February 2025—before the reply briefs were due—the Court placed the consolidated cases into abeyance, where they remained

2

until July. *See* Doc. 2099658; Doc. 2126755. During that time, EPA "announced its intention to rescind certain of the regulations and reconsider the regulatory determinations in the agency action challenged in these consolidated cases." Doc. 2134741 ¶ 2.

5. EPA then moved to vacate parts of the challenged action. *See* Doc. 2134523. That motion kicked off another round of briefing: each set of petitioners filed a response supporting EPA's motion; *see* Doc. 2137385; Doc. 2137406; Respondent-Intervenors filed a 36-page response opposing it, *see* Doc. 2137412; and EPA filed its reply, *see* Doc. 2148446.

6. On January 21, 2026, the Court denied EPA's motion for partial vacatur on the ground that the merits were not clear enough to warrant summary action. Thus, the issues, arguments, and changed positions raised in the vacatur motion papers remain unresolved. And the motion papers will not be before the merits panel because the vacatur motion was denied.

7. Against this backdrop, Industry Petitioners seek leave to file a reply brief of 8,500 words. This reply will need to address two response briefs totaling nearly 170 pages. It will also need to address the outstanding issues raised in the vacatur motions practice. Simply explaining the

3

current state of play and describing the issues and arguments to be addressed will require substantially more words than in a typical case governed by the default 6,500-word limit. Modestly increasing the word limit by 2,000 words will allow Industry Petitioners to assist the merits panel in understanding and addressing the wide range of complex issues and the convoluted procedural history here.

## CONCLUSION

For these reasons, Petitioners respectfully request leave to file a reply brief not to exceed 8,500 words in length.

Respectfully submitted,

Allon Kedem
Joel M. Gross
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
202.942.5000
allon.kedem@arnoldporter.com

*Counsel for Petitioner in No. 24-1192*

/s/ Tobias S. Loss-Eaton
Tobias S. Loss-Eaton
Cody M. Akins
Hundley Poulson
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
202.736.8000
tlosseaton@sidley.com

*Counsel for Petitioners in No. 24-1191*

January 23, 2026

## CERTIFICATE OF COMPLIANCE

This motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font. It complies with Rule 27(d)(2) because it contains 555 words, excluding the sections listed in Rule 32(f).

## CERTIFICATE OF SERVICE

I certify that on January 23, 2026, I electronically filed this document with the Clerk of the Court using the CM/ECF System, which will send notice to all registered CM/ECF users.

*/s/ Tobias S. Loss-Eaton*
Tobias S. Loss-Eaton