ORAL ARGUMENT NOT YET SCHEDULED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| AMERICAN WATER WORKS ASSOCIATION, ET AL.<br><br>*Petitioners*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, ET AL.,<br><br>*Respondents*. | Case No. 24-1188 and consolidated cases |

**RESPONDENTS' OPPOSITION TO INDUSTRY PETITIONERS' MOTION FOR LEAVE TO FILE REPLY BRIEF EXCEEDING WORD LIMIT**

Respondents U.S. Environmental Protection Agency ("EPA") and EPA Administrator Lee M. Zeldin hereby submit this opposition to Industry Petitioners' Motion for Leave to File Reply Brief Exceeding Word Limit. The grounds for this opposition are as follows.

1. Industry Petitioners inappropriately seek a *30%* increase in their word count on their reply. This request is excessive, unreasonable, and would prejudice Respondents.

1

2. On August 16, 2024, the parties jointly submitted a briefing proposal in which they agreed to a schedule but offered differing proposed briefing formats. ECF 207050.

3. Utility and Industry Petitioners requested that they each be allowed to file a 13,000-word opening brief and an 8,000-word reply—a 1,500 word and 25% increase from the standard word length for a reply. *Id*. at 8-9.

4. Respondents and Intervenors opposed Petitioners' request for an extra-long reply, noting that it was excessive and unreasonable for this case, particularly given this Court's general practice in reducing brief size in cases with multiple petitioners. *Id*. at 15-16.

5. This Court rejected Petitioners' request for extra-long replies and ordered a standard briefing format—13,000 words for each set of Petitioners' opening briefs; 26,000 words for Respondents' combined response brief; 9,100 words for Respondent-Intervenors' brief; and 6,500 words for each set for Petitioners' reply briefs. ECF 2072754.

6. Every single party met the limitations on their word limits—until now. Although Industry Petitioners cleverly switch from word counts to page counts in the already-filed briefs when attempting to justify their request, ECF 215583 ¶ 3, *nobody* has filed anything longer than what this Court originally authorized. ECF 2078734 at 59 (certifying Utility Petitioners' opening brief

contains 12,906 words and less than the allotted 13,000 words); ECF 2078731 at 61 (certifying Industry Petitioners' brief contains 12,994 words and less than the allotted 13,000 words); ECF 2091318 at 123 (certifying Respondents' response brief contains 25,699 words, less than the allotted 26,000 words); ECF 2094834 at 48 (certifying Respondent-Intervenors' brief contains 9,100 words, the allotted amount).

7. Moreover, although Industry Petitioners note the page counts of the Utility Petitioners' brief and the total page counts of Respondents' and Respondent-Intervenors' briefs, which include the responses to Utility Petitioners' brief, Industry Petitioners have no right to include a reply to Utility Petitioners' issues. Briefing on Utility Petitioners' issues thus is irrelevant to Industry Petitioners' request for a 30% increase in their reply.

8. In short, Industry Petitioners' request now for an *even longer* reply than this Court originally rejected—after everyone else filed briefs at or under the Court-ordered limits—is unwarranted.

9. Switching tacks, Industry Petitioners note that the Court has also received full briefing on Respondents' motion for partial vacatur. ECF 2155834 ¶¶ 5-6. Industry Petitioners assert that they need more words because the motions briefing is not before the merits panel and they "need to address the outstanding issues raised in the vacatur motions practice." *Id*. ¶ 7. But affording only *one* of

3

the *four* parties involved in that briefing the opportunity to "describe the outstanding issues and arguments to be addressed," *id.*, is blatantly unfair.

10. To be clear, because the motion for partial vacatur was denied on the ground that "the merits of the parties' positions are not so clear as to warrant summary action," ECF 2155270 at 1, and because partial vacatur briefing occurred in the middle of merits briefing, Respondents support providing the partial vacatur briefing to the merits panel. To that end, Respondents have suggested the parties include all of the partial vacatur briefing in the Joint Appendix. This would ensure the Court has *all* parties'—not just Industry Petitioners'—views on the issue.

11. In short, because Industry Petitioners' request for a 30% increase in their reply brief is unsupported by the volume of merits briefing that has occurred to date, and because affording *only* Industry Petitioners the opportunity to address the "outstanding issues and arguments" from the partial vacatur briefing, *id.*, would be prejudicial to all other parties to that motion, Respondents' respectfully request the Court deny Industry Petitioners' motion.

January 30, 2026

Of Counsel:

HEIDI NALVEN
*Attorney*
U.S. ENVIRONMENTAL
PROTECTION AGENCY

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

BRADLEY CRAIGMYLE
*Deputy Assistant Attorney General*

/s/ Kimere J. Kimball
KIMERE J. KIMBALL
*Trial Attorney*
U.S. Department of Justice
Env't & Natural Resources Div.
P.O. Box 7611
Washington, DC 20044
(202) 598-7680
Kimere.Kimball@usdoj.gov

# CERTIFICATE OF COMPLIANCE

1.  This document complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) this document contains 686 words.

2.  This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

/s/ <i>Kimere J. Kimball</i><br>
KIMERE J. KIMBALL<br><br>
Counsel for Respondents