ORAL ARGUMENT NOT YET SCHEDULED

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| AMERICAN WATER WORKS ASSOCIATION and ASSOCIATION OF METROPOLITAN WATER AGENCIES, )<br><br>*Petitioners*, )<br><br>v. )<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, and LEE M. ZELDIN, in his official capacity as Administrator, United States Environmental Protection Agency, )<br><br>*Respondents*. ) | No. 24-1188<br><br>consolidated with<br>Nos. 24-1191, 24-1192 |

**RESPONDENT-INTERVENORS' OPPOSITION TO INDUSTRY PETITIONERS' MOTION FOR LEAVE TO FILE REPLY BRIEF EXCEEDING THE WORD LIMIT**

In these consolidated petitions for review, Petitioners challenge a rule promulgated by Respondent U.S. Environmental Protection Agency ("EPA") under the Safe Drinking Water Act that established limits on six toxic PFAS chemicals in drinking water. For briefing purposes, there are two sets of petitioners: the "Utility Petitioners," American Water Works Association and Association of Metropolitan Water Agencies; and the "Industry Petitioners,"

1

National Association of Manufacturers, American Chemistry Council, and the Chemours Company. *See* Joint Mot. to Est. Br. Format & Sch. 4-5, Dkt. No. 2070570 (Aug. 16, 2024); Order, Dkt. No. 2072754 (Sept. 3, 2024).

Industry Petitioners now seek leave to expand their reply brief from 6,500 words to 8,500 words, which would be filed alongside the 6,500-word reply brief of the Utility Petitioners. *See* Industry Pet'rs' Mot. for Leave to File Reply Br. Exceeding Word Limit ("Industry Mot."), Dkt. No. 2155834 (Jan. 23, 2026). While Industry Petitioners characterize the requested increase as "[m]odest[]," Industry Mot. ¶ 7, their request constitutes a 30 percent increase in word count. And the Court previously denied both sets of Petitioners' requests to file 8,000-word reply briefs. Joint Mot. to Est. Br. Format & Sch. 6, 9, Dkt. No. 2070570 (Aug. 16, 2024); Order, Dkt. No. 2072754 (Sept. 3, 2024). As discussed below, the circumstances of this case have not changed in any way that justifies an enlarged reply for Industry Petitioners. The Court should deny Industry Petitioners' motion.

## ARGUMENT

Industry Petitioners offer two arguments for an expanded reply brief, but neither holds water.

As their first rationale, Industry Petitioners cite the length of merits briefing filed so far. Industry Mot. ¶¶ 3, 7. But the merits briefing in this case simply follows the word limits that the Court ordered. *See* Order, Dkt. No. 2072754 (Sept.

2

3, 2024). At the outset of this case, Utility Petitioners and Industry Petitioners each sought an 8,000-word reply brief. Joint Mot. to Est. Br. Format & Sch. 6, 9, Dkt. No. 2070570 (Aug. 16, 2024). The Court denied that request and instead ordered two standard-length reply briefs of 6,500 words each. Order, Dkt. No. 2072754 (Sept. 3, 2024). That the merits briefing has unfolded exactly as the Court directed does not justify reconsidering the Court's original order setting the briefing formats and is not an "extraordinarily compelling reason[]" to expand Industry Petitioners' reply brief. *See* D.C. Cir. R. 27(g)(3). Industry Petitioners fail to cite a single prior case in which the Court granted an expanded reply brief under similar circumstances.

Indeed, the existing 6,500-word limit for each of two separate reply briefs from groups of petitioners with similar interests is plentiful; this Court regularly requires standard-length or shorter reply briefs for groups of petitioners in other complex consolidated cases. *See, e.g.*, Order, *Am. Petrol. Inst. v. U.S. Dep't of Interior*, No. 24-1023 (D.C. Cir. May 24, 2024), Dkt. No. 2056291 (allowing 4,550-word reply briefs for each of two sets of petitioners); Order, *Kentucky v. EPA*, No. 24-1050 (D.C. Cir. May 14, 2024), Dkt. No. 2054255 (allowing petitioners 9,750 words to divide between two reply briefs); Order, *U.S. Sugar Corp. v. EPA*, No. 22-1271 (D.C. Cir. June 20, 2023), Dkt. No. 2004070 (allowing 6,500-word replies for each of two sets of petitioners). There is nothing so

3

uniquely complicated about this case to justify an expanded reply brief for Industry Petitioners.

Industry Petitioners' request to expand their reply brief also is not compelling because there is substantial overlap in the issues and arguments raised by the two sets of Petitioners. The Court "looks with extreme disfavor on the filing of duplicative briefs in consolidated cases." D.C. Cir. Handbook of Prac. & Internal Procs. 38 (Dec. 4. 2025). Rather than seeking to expand its reply brief, Industry Petitioners should coordinate with Utility Petitioners on their reply briefs to avoid repetition; their combined 13,000 words for reply briefs should be more than adequate to cover all issues in this case.

As a second rationale for their motion, Industry Petitioners reference the briefing related to Respondent EPA's motion for partial vacatur, Industry Mot. ¶¶ 5-7, which EPA filed after changing its positions about some aspects of the challenged Rule. That motion was separately briefed—including a response filed by Industry Petitioners—and, after considering the motion, responses, and reply, the Court recently denied EPA's motion. Order 1, Dkt. No. 2155270 (Jan. 21, 2026). Industry Petitioners argue that the issues raised in that briefing "remain unresolved." Industry Mot. ¶ 6. But EPA's vacatur motion was based on EPA's adoption of a statutory interpretation argument advanced by both sets of Petitioners in their opening briefs. Resp'ts' Mot. for Partial Vacatur 1, Dkt. No. 2134523

4

(Sept. 11, 2025) ("[A]fter further reviewing the statute … EPA agrees with petitioners that parts of the rulemaking process were unlawful."). Having raised this argument in their opening brief, Industry Br. 34-37, Dkt. No. 2078731 (Oct. 7, 2024), Industry Petitioners presumably were already planning to address it in their reply brief. Also, even though the vacatur motion has been resolved, EPA's motion, the other parties' responses, and EPA's reply remain in the docket and can be cited if Industry Petitioners wish to reference them. Thus, EPA's vacatur motion creates no need to grant Industry Petitioners additional words in their reply brief.

Industry Petitioners' rationale also contradicts their prior position regarding the effect, or lack thereof, of EPA's vacatur motion on the length needed for merits briefing. In response to Intervenors' motion for a revised and expanded merits brief to address EPA's changed positions, Industry Petitioners argued that "Intervenors shouldn't get a longer brief just because EPA took its current position later," and noted that EPA's briefing "is still on the docket" for the merits panel's review. Industry Pet'rs' Opp. to Intervenors' Mot. for Revised and Expanded Br. 1-4, Dkt. No. 2148510 (Dec. 3, 2025). So too here. The Court denied Intervenors' motion for an expanded brief, Order 2, Dkt. No. 2155270 (Jan. 21, 2026), and likewise should deny Industry Petitioners' analogous request to expand their reply brief.

5

# CONCLUSION

For the foregoing reasons, Respondent-Intervenors respectfully oppose Industry Petitioners' request to expand the word limit for their reply brief from 6,500 to 8,500 words.

DATED: February 2, 2026

Respectfully submitted,

*/s/ Suzanne Novak*
SUZANNE NOVAK
HILLARY AIDUN
Earthjustice
48 Wall St., 15th floor
New York, New York 10005
(212) 823-4981
(212) 284-8040
snovak@earthjustice.org
haidun@earthjustice.org

KATHERINE K. O'BRIEN
Earthjustice
P.O. Box 2297
South Portland, Maine 04116
(212) 284-8036
kobrien@earthjustice.org

*Counsel for Buxmont Coalition for Safe Water, Clean Cape Fear, Clean Haw River, Concerned Citizens of WMEL Water Authority Grassroots, Environmental Justice Task Force, Fight for Zero, Merrimack Citizens for Clean Water, and Newburgh Clean Water Project*

*/s/ Jared J. Thompson*
JARED J. THOMPSON
Natural Resources Defense Council
40 West 20th Street
New York, NY 10011
(202) 513-6249
jared.thompson@nrdc.org

KAREN CHEN
Natural Resources Defense Council
111 Sutter Street, 21st Floor
San Francisco, CA 94104
(415) 875-8261
kchen@nrdc.org

ERIK D. OLSON
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, DC 20005
(202) 289-2415
eolson@nrdc.org

*Counsel for Natural Resources Defense Council*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

I hereby certify that the foregoing Opposition contains 1,021 words, excluding the items listed in Fed. R. App. P. 27(d)(2)(A), and was composed in Times New Roman font, 14-point. The Opposition complies with applicable word limits, type-volume and typeface requirements. Fed. R. App. P. 32(a)(5)-(6); Fed. R. App. P. 27(d)(1).

DATED: February 2, 2026

*/s/ Suzanne Novak*
SUZANNE NOVAK
Earthjustice
48 Wall St., 15th floor
New York, New York 10005
(212) 823-4981
snovak@earthjustice.org

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of February, 2026, the foregoing Opposition was filed with the electronic case filing (ECF) system of the U.S. Court of Appeals for the D.C. Circuit, which will provide electronic notice to all counsel of record.

DATED: February 2, 2026

*/s/ Suzanne Novak*
SUZANNE NOVAK
Earthjustice
48 Wall St., 15th floor
New York, New York 10005
(212) 823-4981
snovak@earthjustice.org