**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE D.C. CIRCUIT**

AMERICAN WATER WORKS
ASSOCIATION, ET AL.,

   *Petitioners*,

  v.

U.S. ENVIRONMENTAL PROTECTION
AGENCY et al.,

   *Respondents*.

Case No. 24-1188 and
Consolidated Cases

**NOTICE OF PORTIONS OF BRIEF RESPONDENTS ARE NO LONGER
ADVANCING**

Respondents, United States Environmental Protection Agency and

Administrator Lee M. Zeldin (collectively, "EPA" or "Agency"), hereby respond

to the Court's January 21, 2026, order and provide notice of the portions of

Respondents' Final Brief that EPA no longer advances.

1.  This action involves petitions for review that challenge EPA's final

rule entitled "PFAS National Primary Drinking Water Regulation," published at 89

Fed. Reg. 32532 (Apr. 26, 2024). That rule simultaneously issued final regulatory

determinations and National Primary Drinking Water Regulations for three

contaminants, perfluorononanoic acid (PFNA), perfluorohexane sulfonic acid

(PFHxS), and hexafluoropropylene oxide dimer acid (HFPO-DA) individually, as

well as mixtures of those contaminants together and with perfluorobutane sulfonic acid (PFBS) (collectively, "Index PFAS").  The rule also issued National Primary Drinking Water Regulations for two additional contaminants for which EPA had previously issued regulatory determinations, perfluorooctanoic acid (PFOA) and perfluorooctanesulfonic acid (PFOS).

2.     As fully explained in EPA's motion for partial vacatur and reply in support thereof (ECF Nos. 2134523, 2148446), EPA has reconsidered its interpretation of 42 U.S.C. § 300g-1(b)(1)(B)(ii), (iii), and (E).  EPA now recognizes that the statute does not authorize EPA to promulgate a regulatory determination for a contaminant and a National Primary Drinking Water Regulation for that same contaminant simultaneously and in tandem.  *See* ECF Nos. 2134523, 2148446.  EPA thus recognizes that its issuance of simultaneous regulatory determinations and National Primary Drinking Water Regulations for the Index PFAS was in error.

3.     To address this error, EPA has also begun a rulemaking process whereby it is proposing to rescind the regulatory determinations and National Primary Drinking Water Regulations for the Index PFAS.  *See*
https://www.epa.gov/newsreleases/epa-announces-it-will-keep-maximum-

2

contaminant-levels-pfoa-pfos;

https://www.reginfo.gov/public/do/eoDetails?rrid=1285114.

4.    Because EPA's rescission rule, if finalized as proposed, may moot the challenges to the Index PFAS portions of the rule asserted in this litigation, EPA has moved over opposition to sever those challenges and place them in abeyance. ECF No. 2160037.

5.    Because EPA recognizes that the regulatory determinations and National Primary Drinking Water Regulations for the Index PFAS were promulgated using an unlawful procedure as described in paragraph 2, EPA no longer advances the portion of its brief defending that procedure: Section I.B. of the Argument at pages 28-37 of the Final Brief (ECF No. 2162593). And, because this deficiency is dispositive regarding the validity of the Index PFAS, EPA no longer advances those portions of the brief that exclusively implicate the Index PFAS: Sections I, II, and III.C-F of the Argument in the Final Brief at pages 24-28, 37-64, 72-92.

6.    EPA continues to defend the Rule with respect to PFOA and PFOS. Accordingly, EPA continues to assert Section III.A-B (pages 64-72), Section IV (pages 92-116), and Section V (pages 116-118) of the Argument insofar as they relate to PFOA and PFOS.

Respectfully submitted,

ADAM R.F. GUSTAFSON
   *Principal Deputy Assistant Attorney
   General*

*Of Counsel:*
   Heidi Nalven
   U.S. Environmental Protection
   Agency

BRADLEY CRAIGMYLE
   *Deputy Assistant Attorney General*

Date:  March 6, 2026

*/s/ Kimere J. Kimball*
KIMERE J. KIMBALL
   U.S. Department of Justice
   Env't & Natural Resources Div.
   P.O. Box 7611
   Washington, DC 20044
   (202) 598-7680
   Kimere.Kimball@usdoj.gov

*Counsel for Respondents*

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 464 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Finally, I certify that on March 6, 2026, I electronically filed this document with the Court's CM/ECF system, which will serve each party's counsel of record.

_/s/ Kimere J. Kimball_____
KIMERE J. KIMBALL

5