ORAL ARGUMENT SCHEDULED SEPTEMBER 18, 2026

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

AMERICAN WATER WORKS
ASSOCIATION, ET AL.

*Petitioners*,

v.

U.S. ENVIRONMENTAL PROTECTION
AGENCY, ET AL.,

*Respondents*.

Case No. 24-1188 and
consolidated cases

**JOINT MOTION PROPOSING ORAL ARGUMENT FORMAT**

The parties respectfully propose an oral argument format for the Court's

consideration that will facilitate an orderly discussion of the issues before this

Court.

Specifically, the parties propose that oral argument proceed in two parts to

account for Respondents' ("EPA's") position that it no longer advances the

sections of its response brief concerning its final regulatory determinations for

three contaminants, perfluorononanoic acid (PFNA), perfluorohexane sulfonic acid

(PFHxS), and hexafluoropropylene oxide dimer acid (HFPO-DA) individually, as

well as mixtures of those contaminants together and with perfluorobutane sulfonic

acid (PFBS) (collectively, "Index PFAS") and the National Primary Drinking

1

Water Regulation concerning Index PFAS, Doc. No. 2162596, and is now aligned with Petitioners in seeking vacatur of the Index PFAS regulatory determinations and regulations, Doc. 2134523.

Part 1 would address the issues that exclusively implicate Index PFAS.  Part 2 would address the issues regarding EPA's National Primary Drinking Water Regulation as it relates to perfluorooctanoic acid (PFOA) and perfluorooctanesulfonic acid (PFOS).  Because the cost-analysis issues touch on both Index PFAS and PFOA/PFOS, the parties agree it would be most productive to discuss those issues in Part 2.

| Issues | Time | Party | Counsel & time allocation |
|---|---|---|---|
| 1. Index PFAS | 25 min | Petitioners + EPA | Water Ass'n Petitioners (10) + Chemours Petitioners (5) + EPA (10) |
| | 25 min | Respondent-Intervenors | Respondent-Intervenors |
| 2. PFOA/PFOS including cost analysis | 10 min | Petitioners | NAM/ACC Petitioners |
| | 10 min | EPA + Respondent-Intervenors | EPA (8) + Respondent-Intervenors  (2) |

In support of this motion, the parties state as follows:

A two-part oral argument provides an orderly and efficient mechanism for the parties to address all the issues before the Court because EPA now takes three distinct positions as it relates to the challenged rule.  As explained in EPA's motion

2

for partial vacatur (Doc. No. 2134523 at 1), EPA "agrees with petitioners" as it relates to the rulemaking process for Index PFAS.  And because EPA contends that this error is dispositive regarding the validity of the Index PFAS, EPA informed the Court that it no longer advances the portions of its response brief that exclusively implicate the Index PFAS.  *See* Notice ¶ 5, Doc. No. 2162596. However, EPA continues to defend the challenged rule as it pertains to PFOA and PFOS.  *See id.* ¶ 6.

In short, EPA is now aligned with Petitioners or neutral with respect to Index PFAS and remains aligned with Respondent-Intervenors with respect to PFOA and PFOS.  Splitting the argument in the manner proposed above allows the panel to hear from both sides equally and avoid confusion about the parties' positions on each issue.

The parties also believe that a total argument length of 35 minutes per side is reasonable given the large number of issues raised and the substantial volume of briefing submitted.  *See, e.g.*, Order, Doc. No. 2072754 (granting double the word limit for Petitioners and EPA); Doc. No. 2134523 (motion for partial vacatur). This Court's most common limit for argument is 15 minutes.  *See* D.C. Circuit Handbook of Internal Practices and Procedures at 50.  Thirty-five minutes, slightly more than double the most common limit, would be commensurate with the

Court's doubling of normal brief lengths and the parties' additional briefing on partial vacatur.

The parties further propose that Part 1 concerning Index PFAS be allotted 25 minutes per side and Part 2 concerning PFOA and PFOS be allotted 10 minutes per side, as that is also commensurate with the amount of pages EPA allotted for both sets of issues. *See* EPA Br., Doc. No. 2162593 (spending approximately 31 pages of its 94-page argument section on PFOA and PFOS); Doc. No. 2134523 (focusing partial vacatur motion solely on Index PFAS).

Lastly, pursuant to Cir. R. 34(c), EPA and Respondent-Intervenors respectfully request leave for two counsel to appear for EPA and two for Respondent-Intervenors, with one counsel for each party arguing in Part 1, and the other counsel for each party arguing in Part 2. This division is appropriate given the number of issues and the lack of overlap between the issues raised in each proposed argument segment.

Similarly, Petitioners request to have two attorneys argue Part 1 and one additional attorney argue Part 2. Three different petitions were filed in this case, *see* Docs. 2058852, 20259369 (Clerk's orders consolidating Case Nos. 24-1188, 24-1191, and 24-1192), and each represented the particular concerns and considerations of the respective petitioner(s). As Petitioners made clear in requesting separate briefing for the consolidated cases, *see* Doc. 2070570, at 5-6, 9,

12-13, each Petitioner represents distinct interests, whether its own or those of its members, which (at times) may be adverse in other PFAS-related litigation or may diverge, to some degree, with respect to the structure and substance of Safe Drinking Water Act regulatory processes, as portfolio matters.  *See id.* at 5-6 (explaining potential adversity between manufacturers of PFAS and regulated water utility companies); *id.* at 12 (describing Water Associations' members' "long-term interest in the integrity of the Safe Drinking Water regulatory process," as "directly regulated parties" under the statute).  Allowing one counsel from each petitioner to speak will best allow the Petitioners to represent their views to the Court.

For these reasons, the parties respectfully request that the Court enter the proposed oral argument format set forth above.


Dated: August 10, 2026

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

BRADLEY CRAIGMYLE
*Deputy Assistant Attorney General*

Of Counsel:

HEIDI NALVEN
*Attorney*
U.S. ENVIRONMENTAL PROTECTION AGENCY

 */s/ Jin Hyung Lee*
JIN HYUNG LEE
*Attorney*
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
(202) 598-7264
Jin.hyung.lee@usdoj.gov

*Counsel for Respondents*

 */s/  Allon  Kedem*
Allon Kedem
Allison Rumsey
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
202.942.5000
allon.kedem@arnoldporter.com

*Counsel for Petitioner in No. 24-1192*

/s/ *Tobias S. Loss-Eaton*
Tobias S. Loss-Eaton
Cody M. Akins
Hundley Poulson

6

SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
202.736.8000
tlosseaton@sidley.com


*Counsel for Petitioners in No. 24-1191*



/s/ Corinne V. Snow
Corinne V. Snow
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington DC 20037
csnow@velaw.com
Phone: (202) 639-6622
Fax: (917) 879-8998


*Counsel for Petitioners in No. 24-1188*



/s/Katherine K. O'Brien
KATHERINE K. O'BRIEN
Earthjustice
P.O. Box 2297
South Portland, Maine 04116
(212) 284-8036
kobrien@earthjustice.org

SUZANNE NOVAK
HILLARY AIDUN
Earthjustice
48 Wall St., 15th floor
New York, New York 10005
(212) 823-4981
(212) 284-8040

/s/Jared J. Thompson
JARED J. THOMPSON
Natural Resources Defense Council
40 West 20th Street
New York, NY 10011
(202) 513-6249
jared.thompson@nrdc.org

KAREN CHEN
Natural Resources Defense Council
111 Sutter Street, 21st Floor
San Francisco, CA 94104
(415) 875-8261
kchen@nrdc.org

7

snovak@earthjustice.org
haidun@earthjustice.org

*Counsel for Buxmont Coalition
for Safe Water, Clean Cape Fear,
Clean Haw River, Concerned
Citizens of WMEL Water Authority
Grassroots, Environmental Justice
Task Force, Fight for Zero,
Merrimack Citizens for Clean Water,
and Newburgh Clean Water Project*

ERIK D. OLSON
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, DC 20005
(202) 289-2415
eolson@nrdc.org

*Counsel for Natural Resources
Defense Council*

## CERTIFICATE OF COMPLIANCE AND SERVICE

1.     This document complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) this document contains 863 words.

2.     This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

3.     I certify that on August 10, 2026, I electronically filed this document with the Court's CM/ECF system, which will serve each party.

*/s/ Jin Hyung Lee*
Jin Hyung Lee

Counsel for Respondents