August 24, 2026

**<u>Via ECF</u>**

Clifton Cislak
Clerk of the Court
United States Court of Appeals for the District of Columbia Circuit
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, NW
Washington, DC 20001

**Re: *American Water Works Association v. EPA*, Case No. 24-1188 (consolidated with Case Nos. 24-1191, 24-1192) (oral argument scheduled for September 18, 2026)**

Dear Mr. Cislak:

Pursuant to Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28(f), Respondent-Intervenors submit as pertinent supplemental authority *Chamber of Commerce of the United States v. EPA*, No. 24-1193 (D.C. Cir. Aug. 18, 2026) (Millett, J.) (attached). This decision was issued after Respondent-Intervenors filed their brief.

In *Chamber of Commerce*, this Court upheld EPA's hazardous substance designations under the Comprehensive Environmental Response, Compensation, and Liability Act for PFOA and PFOS—two of the "forever chemicals" at issue in the above-captioned case. This Court explained that petitioners do not have a right under the Administrative Procedure Act to another round of public comment on data supporting EPA's final rule that "simply expand[s] on and confirm[s]" the data provided in the proposed rule. *See id.*, slip op. at 30. This holding undermines Petitioners' attempt in their reply brief to demonstrate prejudice from EPA's concurrent promulgation of the Index PFAS regulatory determinations and drinking water standards on the basis that Petitioners did not have an opportunity to comment on certain occurrence data that confirmed EPA's conclusions in the proposed rule. *See* Utility Pet'rs' Reply Br. 10-11.

This Court's rejection of arguments in *Chamber of Commerce* that EPA's assessment of regulatory costs and benefits was arbitrary and capricious is also pertinent to the instant case. The Court affirmed that it "does not review EPA's cost figuring *de novo*, but accords EPA discretion to arrive at a cost figure within a

broad zone of reasonable estimation." *Chamber of Commerce*, slip op. at 35 (cleaned up). It held that petitioners failed to carry their "high" burden to show error in EPA's assessment of the costs and benefits of regulating PFAS contamination because EPA "reasonably explained" its approach and "considered and rejected" petitioners' preferred approach. *Id.* at 35-36. Petitioners in the instant case similarly fail to carry that burden for their arbitrary-and-capricious challenges to EPA's economic analysis. *See* EPA Br. 100-116; Resp't Intervenors' Br. 36-44.

Respectfully submitted,

*/s/Katherine K. O'Brien*
KATHERINE K. O'BRIEN
Earthjustice
P.O. Box 2297
South Portland, Maine 04116
(212) 284-8036
kobrien@earthjustice.org

SUZANNE NOVAK
HILLARY AIDUN
Earthjustice
48 Wall Street, 15th floor
New York, New York 10005
(212) 823-4981
(212) 284-8040
snovak@earthjustice.org
haidun@earthjustice.org

*Counsel for Buxmont Coalition for Safe Water, Clean Cape Fear, Clean Haw River, Concerned Citizens of WMEL Water Authority Grassroots, Environmental Justice Task Force, Fight for Zero, Merrimack Citizens for Clean Water, and Newburgh Clean Water Project*

*/s/Jared J. Thompson*
JARED J. THOMPSON
Natural Resources Defense Council
40 West 20th Street
New York, NY 10011
(202) 513-6249
jared.thompson@nrdc.org

ERIK OLSON
Natural Resource Defense Council
1152 15th Street NW, Suite 300
Washington, DC 20005
(202) 289-2415
eolson@nrdc.org

KAREN CHEN
Natural Resources Defense Council
111 Sutter Street, 21st Floor
San Francisco, CA 94104
(415) 875-8261
kchen@nrdc.org

*Counsel for Natural Resources Defense Council*

## **CERTIFICATES OF SERVICE AND COMPLIANCE**

I certify that this document complies with the type-volume limitation of Fed. R. App. P. 28(j) because it contains 318 words.

I certify that, on August 24, 2026, I electronically filed the foregoing document with the Court's CM/ECF system, which will serve each party's counsel of record.

*/s/Katherine K. O'Brien*
KATHERINE K. O'BRIEN