Vinson&Elkins

Corinne V. Snow csnow@velaw.com
**Tel** +1.202.639.6622 **Fax** +1.917.879.8998

September 8, 2026

Hon. Clifton Cislak, Clerk
United States Court of Appeals
for the District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave., N.W.
Washington, D.C. 20001

Re: *American Water Works Association v. EPA*, No. 24-1188 (consolidated) (oral argument scheduled September 18, 2026) – Water Associations' Response to Respondent-Intervenors' Federal Rule of Appellate Procedure 28(j) notice of supplemental authority

Dear Mr. Cislak:

The decision cited by Respondent-Intervenors in their August 24, 2026, Rule 28(j) letter is both factually and legally distinct from this case. *First*, as Respondent-Intervenors acknowledge, *Chamber of Commerce of the U.S. v. EPA*, No. 24-1193 (D.C. Cir. Aug. 18, 2026), addressed general notice-and-comment principles under the Administrative Procedure Act, and more specifically whether EPA had to offer an additional notice and comment opportunity under this Court's logical outgrowth jurisprudence. *See* Slip op. 23-24. The unique notice-and-comment procedures here, however, derive from the Safe Drinking Water Act (the "Act"), which requires two separate comment periods for two separate agency decisionmaking processes. The legal issue here concerns whether EPA can completely bypass an entire notice-and-comment period required by the Act. *See* Water Associations' Reply Br. 8-10; *see* Water Associations' Opening Br. 18-25. Respondents, in fact, have conceded the error and withdrawn and waived their previously asserted harmless error defense. *See* Resp'ts' Mot. for Partial Vacatur 16-17 (Sept. 11, 2025 ("EPA Mot.").

And in any case, EPA's error was prejudicial to Water Associations because they were deprived of a statutorily required notice-and-comment period bearing on a particular regulatory step (i.e., determination of whether to regulate a pollutant), which EPA

impermissibly combined with the subsequent regulatory step under the Act (i.e., determination of the level of regulation). *See* Water Associations' Reply Br. 10-13; *see also* EPA Mot. 17-19 (agreeing that error was not harmless).

*Second*, Respondent-Intervenors merely restate (in favorable terms) the standard of review typical of this Court's review of cost-benefit analyses. *See* Slip op. 35. Respondent-Intervenors, though, ignore that the Act has *specific* benefit-cost provisions, which elaborate the benefit and cost considerations that EPA must sufficiently consider, as well as matters of feasibility and alternative regulatory levels. Petitioners in these consolidated cases have shown the ways in which EPA failed to meet that obligation. *See* Water Associations' Opening Br. 53-57; Water Associations' Reply Br. 24-26; NAM, ACC, and Chemours Opening Br. 15-32; NAM, ACC, and Chemours Reply Br. 2-18. *Chamber of Commerce*, which concerned an entirely different regulatory action pursuant to a separate and distinct statute, has no bearing.

Sincerely,

*/s/ Corinne V. Snow*

Corinne V. Snow
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC 20037
Phone: 202.639.6622
Email: csnow@velaw.com

*Counsel for Petitioners American Water Works Association and Association for Metropolitan Water Agencies*
(Case No. 24-1188)

## CERTIFICATE OF COMPLIANCE

1. This letter contains 348 words, excluding the parts of the letter exempted by Federal Rules of Appellate Procedure 28(j) and 32(f).

2. This letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), because this letter has been prepared in a proportionally spaced typeface using Microsoft Office 365 in Times New Roman 14-point font.

Date: September 8, 2026

*/s/ Corinne V. Snow*

Corinne V. Snow
Vinson & Elkins LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC 20037
Phone: 202.639.6622
Email: csnow@velaw.com

*Counsel for Petitioners American Water Works Association and Association for Metropolitan Water Agencies*
(Case No. 24-1188)

## CERTIFICATE OF SERVICE

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure, I hereby certify that, on September 8, 2026, I electronically filed the foregoing letter with the Clerk of the Court for the U.S. Court of Appeals for the Fourth Circuit, using the appellate CM/ECF system, and served copies of the foregoing via the Court's CM/ECF system on all ECF-registered counsel.

Date: September 8, 2026

*/s/ Corinne V. Snow*

Corinne V. Snow
Vinson & Elkins LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC 20037
Phone: 202.639.6622
Email: csnow@velaw.com

*Counsel for Petitioners American Water Works Association and Association for Metropolitan Water Agencies (Case No. 24-1188)*